IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Patrick Lenz** ) <br> Co-Executor and Co-Special Administrator ) <br> Estate of Harry S. Stonehill ) <br> ) <br> ) <br> **Plaintiff** ) <br> v. ) <br> ) <br> **INTERNAL REVENUE SERVICE** ) <br> 1111 Constitution Avenue, N.W. ) <br> Washington, D.C. 20224 ) <br> ) <br> **Defendant** ) <br> _____ ) | Civil Action No. ____ |

# COMPLAINT

Plaintiff Dr. Patrick Lenz, Co-executor of the Estate of Harry S. Stonehill ("Stonehill"), by and through his undersigned counsel, brings this action against Defendant Internal Revenue Service ("IRS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

## NATURE OF ACTION

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 to obtain agency records that the IRS has improperly withheld from Dr. Patrick Lenz, the Co-executor of the Estate of Harry S. Stonehill ("Stonehill"). The withheld documents relate to a prolonged and sustained government cover-up pertaining to illegal raids and wiretapping it conducted on an American citizen years ago and the litigation that ensued culminating in the IRS's purported "loss" of two entire boxes of critical Stonehill documents stored in a Federal Records Center. The lost boxes contained IRS documents which discussed the Government's role in wiretapping of Stonehill and the illegal raids on Stonehill's companies in the Philippines on March 2, 1962.

Mr. Stonehill's initial FOIA request was filed on July 10, 1998, for all documents concerning the federal government's role in the 1962 raids on Stonehill's businesses. On December 19, 1998, IRS Disclosure Officer Steven Flesner ("Flesner") claimed that only five responsive Stonehill documents could be located. Flesner advised Stonehill's counsel on January 6, 1999, that other than the few documents that had been provided in full, there "were no other documents under our jurisdiction responsive to your request" and if additional documents "exist, they are not in [IRS] possession at this time." Three years later, Flesner admitted that the records Stonehill had requested were stored in the IRS Associate Chief Counsel's Office. Following a second renewed FOIA request, five documents became eight boxes, and then became 94 boxes in June 2001 after 86 boxes of Stonehill records were discovered in the Washington National Records Center ("WNRC"/ "Federal Records Center"). Selected documents from the boxes were produced for Stonehill's review during the following fourteen months. At the end of the review process, the IRS informed Stonehill on November 14, 2002, that Boxes 17 and 83 were "missing from the Federal Records Center.

FOIA litigation ensued relating to the production of documents in the remaining 84 boxes. Mrs. Stonehill subsequently filed several FOIA requests to obtain information about the government's loss, location and access to Stonehill records. In response, Mrs. Stonehill was informed that she did not have the authority to access these records because of privacy objections under Exemption 3 in conjunction with §6103(a). Following FOIA litigation which began in 2019, the IRS informed Mrs. Stonehill on Mrach 31, 2022, that the Director of the WNRC had reported that all of the Stonehill boxes were in their designated locations at the Federal Records Center and that the WNRC had no record that Boxes 17 and 83 had ever been lost. On June 11, 2024, Plaintiff filed a motion to set aside the judgment based on Federal Rule of Civil Procedure

2

60(b)(6) and the Court's inherent power to address fraud in the Court. In its August 7, 2024 Opposition to Plaintiff's motion, the IRS argued that "Even if Plaintiff believes that he uncovered that boxes 17 and 83 are sitting in NARA Federal Records Center now, Plaintiff's pursuit here skirts his duty to administratively exhaust his remedies because his proper mechanism is for Plaintiff to file a new FOIA request for those boxes."

On November 8, 2024, Plaintiff filed a new FOIA request to obtain the Stonehill records contained in Boxes 17 and 83, and in related boxes. The Defendant denied that request on January 22, 2025, which Plaintiff appealed on January 23, 2025. The defendant issued a final decision denying that request on February 25, 2025.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (e).

## PARTIES

3. Plaintiff is the Co-executor of the Estate of Harry S. Stonehill, and he resides in Troistorrents, Switzerland.

4. The Defendant is an agency of the United States and is headquartered at 1111 Constitution Avenue, N.W., Washington, DC 20224. Defendant has possession, custody and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

## The Original Proceedings

## 1998 FOIA Request No. 99-12084

5. On July 10, 1998, Stonehill filed FOIA Request No. 99-12084 with the IRS seeking "all records, files, hearing transcripts, notes or memoranda of meetings or telephone conversations, and other data in your possession, custody, control pertaining to Robert P. Brooks [and] Harry S. Stonehill[.]"

6. On December 11, 1998, the IRS produced **five documents.**

7. According to IRS Disclosure Officer Steven Flesner ("Flesner"), these documents were located following "a thorough search of all available records under the jurisdiction of the Assistant Commissioner (International)." Letter from S. Flesner to R. Heggestad (December 11, 1998), attached hereto as Ex. 1(a).

8. Flesner advised Stonehill's counsel on January 6, 1999, that other than the few documents that had been provided in full, there "were no other documents under our jurisdiction responsive to your request" and if additional documents "exist, they are not in [IRS] possession at this time." Letter from S. Flesner to R. Heggestad (January 6, 1999), Ex. 1(b).

9. Flesner recommended that because "this case was litigated by the Department of Justice for a number of years…. further correspondence concerning these records" should be directed "to the Department of Justice under a Freedom of Information Act request."

10. On July 31, 1999, Stonehill appealed the IRS decision that claimed responsive documents to Stonehill's FOIA request could not be located.

11. On October 29, 1999 IRS Chief of Disclosure Litigation Donald Squires ("Squires") denied Stonehill's appeal stating that "to the best of our knowledge, these documents could not be located, and through discussions with appropriate Service employees, we believe that these documents indeed could not be found." Letter from D. Squires to R. Heggestad (October 29, 1999), attached hereto as Ex. 1(c).

### 2001 Renewed IRS FOIA Request

12. On November 30, 2000, Stonehill was provided with copies of several hundred documents from the DOJ Tax Division, many of which were authored by the IRS Chief Counsel and by IRS agents who directly participated in the Stonehill case.

13. On March 15, 2001, Fletcher disclosed to Stonehill's counsel that the documents which were responsive to Stonehill's 1998 FOIA request were located and still available at the Office of the Associate Chief Counsel, International Operations Branch.

14. On March 15, 2001, Stonehill renewed his request for documents responsive to the 1998 FOIA request No. 99-12084, Letter from R. Heggestad to C. Campell (March 15, 2001), attached hereto as Ex. 1(d).

15. Stonehill's counsel informed Campbell that IRS documents responsive to the 1998 FOIA request could be located and should be readily assessable in the Office of the Associate Chief Counsel, International Operations Branch. Letter from R. Heggestad to C. Campbell (March 16, 2001), attached hereto as Ex. 1(e)

### IRS Discovery of 8 Boxes of Stonehill Documents

16. On May 18, 2001, Carroll Field ("Field"), a Tax Specialist at the IRS Headquarters Disclosure Office, advised Stonehill's counsel that the 2001 FOIA request was

being processed and that **8 boxes** of documents related to the Stonehill case had been located in the Associate Chief Counsel's Office.

17. The IRS produced eight boxes of Stonehill documents to Stonehill between 7/23/01 and 10/01/01. *Id*. November 26, 2002 Letter from C. Field to R. Heggestad, Ex. 2.

### Discovery of 86 boxes of Stonehill Documents

18. On October 16, 2001, IRS counsel Richard Fultz informed Stonehill that 86 boxes of IRS Stonehill Records had been discovered at the Washington National Records Center ("WNRC"). Ex. 3(a)

19. The boxes of newly discovered documents were transported from the Federal Records Center to Washington, D.C., approximately 20 boxes at a time.

20. Stonehill began his review of the Stonehill IRS boxes sent from the WNRC on November 2, 2001, and completed his review of 84 boxes on September 27, 2002. Ex. 3(b)

21. On November 14, 2002, Field reported that the "IRS Records Center had notified the Office of Associate Chief Counsel (International) that boxes 17 and 83 were missing from the Federal Records Center. Ex. 3(b)

### Stonehill's Estate

22. On March 20, 2002, Harry S. Stonehill died.

23. Stonehill's handwritten will dated June 26, 2001, filed with the district court of Monthey (Troistorrents, Switzerland), appointed Stonehill's wife, Pauline (Dale) Stonehill and attorney Jacques Meuwly as executors, Dr. Patrick Lenz as second appointed successor executor

and Elizabeth Thompson Stonehill as third appointee successor executor. Handwritten Will of Harry Stonehill (June 26, 2001), pp. 1, 7, attached hereto as Ex. 4(a)

24. On April 23, 2002 , Stonehill's counsel filed a motion with the Ninth Circuit to substitute Pauline Dale Stonehill, the designated co-executor and co-special administrator of the Estate of Harry S. Stonehill, as the Appellant.

25. On September 1, 2005, Jacques Meuwly ("Meuwly") notified the Court in Switzerland and Mrs. Stonehill (his co-executor) that he was resigning his position as executor.

26. On June 13, 2007, Dr. Patrick Lenz ("Lenz") accepted the position of co-executor to the Will of Harry S. Stonehill. Statement from Patrick Lenz (June 13, 2007).  Ex. 4(b).

27. On October 15, 2018, Lenz confirmed that he had never taken any action to close the Estate, and that the Estate was still active in Switzerland. Letter from P. Lenz to R. Heggestad (October 15, 2018), attached hereto as Exhibit 4(c).

### Lost IRS Boxes

28. According to handwritten notations on the IRS General Index, Box 17 was originally part of Box 53, which was described as containing "Chief Counsel Criminal Tax Division attorney notes and papers for the review of the Stonehill and Brooks cases in preparation of the Chief Counsel's memorandum dated May 20, 1966." Ex. 5 (a)

29. The May 20, 1966 memorandum prepared by IRS Chief Counsel Lester Uretz ("Uretz"), described the IRS investigation of Stonehill allegations concerning wiretapping and the illegal search and seizure by the Philippine National Bureau of Investigation Ex. 5 (b)

### 2014 FOIA Request F 14205-0003

30. On July 10, 2014 Bethany McLean ("McLean"), a representative of the news media, filed an FOIA request on behalf of Pauline Dale Stonehill ("Plaintiff") for all records and correspondence relating to the storage and access to 86 boxes of IRS Stonehill records located at the Washington Records Center in Suitland Maryland.

31. On August 20, 2014, Corina Smith ("Smith"), Tax Law Specialist, extended the statutory response date to respond to McLean to September 4, 2014.

32. Smith wrote to McLean on October 20, 2014, November 20, 2014, February 26, 2015, April 30, 2015, June 30, 2015, August 31, 2015, January 29, 2016, April 28, 2016, July 27, 2016, October 28, 2016, and January 31, 2017 requesting "additional time to search for, collect, and review responsive records from other locations."

33. On March 31, 2017, IRS Disclosure Manager Sharisse Tompkins ("Tompkins"), responded to McLean's FOIA request #F14205-0003 stating that "The tax authorization you attached to your request needs additional information to be considered valid. In order for us to continue processing your request for information, please provide us with evidence that Pauline Dale Stonehill has the authority to act as executor for Mr. Harry Stonehill. This documentation may include a copy of the will, a testamentary letter, and/or other authorizing document from the court where the will is being probated." Letter from P. S. Tompkins, IRS Disclosure Manager, to B. McLean (March 31, 2017), attached hereto as Ex. 6 (a).

34. On April 21, 2017, McLean provided Tompkins with Mrs. Stonehill's signed Form 56 with a copy of Mr. Stonehill's will appointing Mrs. Stonehill as Co-Executor.

35. On May 10, 2017, Tompkins issued a final response denying McLean's July10, 2014 FOIA request. Ex. 6(b)

36. Tompkins' final response stated:

8

> Thank you for the response you provided in regard to substantiation of the disclosure authorizations attached to your requests. Unfortunately, it does not provide sufficient information to support the statements made on the Form 56, Notice Concerning Fiduciary Relationship. Please note the executor/fiduciary relationships terminate. Since the authority to re-disclose as provided by Form 56 is not established, the authority to receive tax information as provided by Form 8821, Tax Information Authorization cannot be honored.

37.     On August 2, 2017, Mclean appealed the May 10, 2017 final response.

38.     Mclean's August 2, 2017 Appeal included: (1) the September 1, 2005 letter from Jacques Meuwly, the original Co-Executor, notifying the Court and Mrs. Stonehill (his co-executor) that he was resigning his position as co-executor; (2) the August 1, 2017 confirmation from Mrs. Stonehill that she has never closed the Stonehill Estate and continued to serve as co-executor and administrator; and (3) the June 26, 2001 Addendum to the last Will and Testament of Harry S. Stonehill.

39.     On August 28, 2017, three years after Mrs. Stonehill's FOIA was filed, T. Carrilo, ("Carrilo") Appeals Team Manager, responded to McLean's Appeal stating:

> Based on the facts and circumstances, a standard executor/fiduciary relationship would have a finite term. Once the estate/probate is closed, the authority and relationship would terminate. We have found no information to determine if the estate/probate in this matter remains open. Whether the matter is open or closed, none of the requested documents may be disclosed without complete and proper authorization. The documentation on file did not provide sufficient information to support the authority for any current appropriate recognized fiduciary relationship….
>
> Your Appeal request does not represent a proper administrative appeal within the purview of the FOIA process. Since there is no jurisdiction for any administrative appeal under these circumstances, we are closing our file in regard to this matter. Id.

Letter from T. Carrilo to B. McLean (August 28, 2017), attached hereto as Ex. 6(c).

## FOIA Request F19283-0060

40.     On September 28, 2018, the undersigned counsel filed a second FOIA Request on behalf of Plaintiff, for all records and correspondence discussing or related to the discovery and

9

review of the 8 boxes of Stonehill documents located in the IRS Chief Counsel's Office and to the discovery, transfer and review of the 86 boxes of documents located at the Federal Records Center in Suitland, Maryland. Letter from R. Heggestad re IRS FOIA Request (September 28, 2018), attached hereto as Ex. 7(a).

41. The September 28, 2018 FOIA request included a Certification of Identity, a Privacy Release, a Power of Attorney, Tax Information Authorization and a Notice Concerning Fiduciary Relationship from Pauline Stonehill, Mr. Stonehill's wife, beneficiary and Co-Executor and Co-administrator of his estate.

42. On October 19, 2018, IRS Disclosure Manager, Sharisse Tompkins issued a final response denying Mrs. Stonehill's September 28, 2018 FOIA (case number F19283-0060):

> Tax records are confidential and may not be disclosed unless specifically authorized by law.  The information you provided does not provide adequate verification of your right to access the records of Mr. Stonehill.  Unfortunately, there was no information provided to support the statements made on Form 56, Notice Concerning Fiduciary Relationship.  Please note the executor/fiduciary relationship has a finite term.  Once the estate/probate is closed, the authorities and relationship terminate.  Since the authority to re-disclose as provided by Form 56 is not established, the authority to receive tax information as provided by Form 8821, Tax Information Authorization, cannot be honored.

Letter from S. Tompkins to R. Heggestad (October 19, 2018), attached hereto as Ex. 7(b).

43. On December 12, 2018, Mrs. Stonehill appealed Tompkin's final response" denying Plaintiff's September 28, 2018 FOIA request. Letter from R. Heggestad to IRS Appeals (December 12, 2018), attached hereto as Ex. 7(c).

44. Mrs. Stonehill's December 12, 2018 appeal included a copy of the letter written by Dr, Patrick Lenz on June 13, 2007 accepting the position of co-executor to the Will of Harry S. Stonehill and an October 15, 2018 letter from Dr. Lenz to the undersigned counsel confirming that the Stonehill Estate "is still active in Switzerland."

*Stonehill v. IRS*

45. On December 6, 2019, Mrs. Stonehill filed a FOIA complaint against the IRS. *Stonehill v. IRS*, Civ. A. No. 19-3644 (RDM) (D. D. C. ).

46. Between July 1, 2021 and October 29, 2021, the IRS released 1093 pages of documents, most of which were withheld in full (totally redacted), based on attorney work product doctrine and the deliberative-process privilege.

47. Helene Newsome ("Newsome"), an attorney with the IRS Office of Associate Chief Counsel, filed a Declaration describing the basis for withholding documents on February 18, 2022.

48. Newsome's Declaration included an Excel Sheet showing that the IRS had returned Box 83 to the WNRC on December 8, 2009 and had returned Box 17 to the WNRC on May 30, 2013. Ex 8(a)

49. On March 31, 2022, Newsome filed a Second Declaration, which described the IRS search for documents responsive to Mrs. Stonehill's 2018 FOIA request and the IRS contacts with various government entities to obtain information requested by Mrs. Stonehill. Newsome Second Declaration Ex. 8(b).

50. Newsome explained that the Excel Sheet produced on October 29, 2021, was based on IRS discussions with Christopher Pinkney ("Pinkney"), WNRC Acting Director.

51. Newsome stated that the Excel spreadsheet produced on October 29, 2021 identified the dates of IRS refiles (or returns) of the "80 some" Stonehill boxes which occurred during the period December 8, 2009 through January 17, 2018. Ex. 8(b) ¶¶ 71(b) and (c).

52. Pinkney informed the Newsome that the WNRC had all 86 boxes in its possession, and that NARA had no record of the boxes 17 and 83 being lost and that the Stonehill records were in their designated locations at the WNRC. Ex.8(b) at ¶76.

53. On June 10, 2024, Plaintiff filed a Motion to set aside the District Court's January 10, 2008 judgment in the underlying FOIA litigation pursuant to Rule 60(b)(6) and the Court's inherent power to set aside a judgment based on fraud on the court.

54. In its August 7, 2024 Opposition to Stonehill's Motion to set Aside the Judgement, the Defendant argued that "Even if Plaintiff believes that he uncovered that boxes 17 and 83 are sitting in NARA Federal Records Center now, Plaintiff's pursuit here skirts his duty to administratively exhaust his remedies because his proper mechanism is for Plaintiff to file a new FOIA request for those boxes. Ex. 8 (c)

55. On August 12, 2024, the Plaintiff filed an FOIA request with the National Archives and Records Administration (NARA) seeking to obtain all records related to the storage, transfer and review of the 86(89) boxes of IRS Stonehill records. Ex. 8(d).

56. On September 10, 2024, in response to the Plaintiff's proposed motion for a protective order, Stephanie Sasarak ("Sasarack"), the Tax Division attorney representing the Defendant in the Rule 60(b)(6) litigation informed the Plaintiff that the motion was moot, because she "had confirmed that the Stonehill boxes remain under a litigation hold and even under the normal retention schedule would not be destroyed for at least another decade. Ex. 8(e)

57. On September 13, 2024, Sasarak, informed the Plaintiff's counsel that "On August 15, 2022, the IRS placed a litigation hold on the Stonehill boxes that are stored at the NARA Washington National Records Center (WNRC) and communicated that hold with NARA." Sasarak reported NARA implemented the freeze on August 18, 2022.Ex. 8(f).

58.     On November 5, 2024, the District Court granted the Plaintiff's Motion to Substitute Dr. Patrick Lenze, the Co-Executor of the Estate of Harry S. Stonehill, as the Plaintiff and it denied Stonehill's Motion to set aside the judgement.  Ex. 8(g).

### November 8, 2024 FOIA Request

59.     On November 8, 2024, Plaintiff's counsel filed a FOIA request with the Defendant seeking all documents contained in IRS Stonehill boxes 17 and 83, for all records relating to the current location and any transfer of Boxes 17 and 83 to or from the IRS, the Department of Justice Tax Division or the Washington National Records Center, for all records related to the current storage of Stonehill boxes 17 and 83 and for all documents withheld in *Stonehill v. IRS* based on the assertion of the deliberative process privilege. Ex. 9(a)

60.     On November 15, 2024, IRS Disclosure Manager Y. D. Carvey ("Carvey") issued an interim response (FOIA Case No. 2025-02800), addressed to the undersigned counsel's home address, requesting records to establish the Plaintiff's right to receive tax returns and tax information in accordance with Title 26 Code of Federal Regulations Section 601.702 (c)(5)(iii), including a "current letters of testamentary or a court certificate of your court appointment to establish the validity and authorization of the attached Form 56, Notice of Fiduciary Relationship." Ex. 9(b)

61.     The IRS November 15, 2024 response also requested additional information describing the requested records "in enough detail" to enable the IRS to locate them.

62.     On November 25, 2024, the Plaintiff, described the documents requested (accession number 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, Harry S. Stonehill 's Tax Identification number 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) provided a copy of the records requested and documents withheld in *Stonehill v. IRS*, 534 F.

Supp. 2d 1 (D.D.C) 2008), and the Court's decision in *IRS v. Stonehill*, Civ. A. No. 19-3644 (RDM), approving Dr. Lenz as the co-executor of the Estate of Harry S. Stonehill. Ex. 9(c).

63. On November 26, 2024, the undersigned counsel provided the IRS Disclosure Officer with a portion of the will of Hary S. Stonehill, appointing Dr. Lenz as the co-executor of the Estate, and a copy of the W-Form 30 describing the Stonehill files when they were transferred to the WNRC in May 2013. Ex. 9(d).

64. On December 18, 2024, IRS Disclosure Manager Y. Carvey ("Carvey") sent an interim response to FOIA No. 2025-02800 requesting that the undersigned counsel "establish the identities of both Dr. Lenz and Mr. Heggestad." Ex. 9(e).

65. In her December 18, 2024 letter, Y. Carvey also requested clarification as to whether the Plaintiff was "seeking the same records that were at issue" in *Stonehill v. IRS,* Docket No. 1:19-cv-03644-RDM (D.D.C.)."

66. On January 3, 2025, the Plaintiff informed Carvey, that the information requested had been provided to IRS disclosure Officer T. Jones who was informed that there was a litigation hold on all Stonehill related records and that the issue of Dr. Lenz's authority to act as Mr. Stonehill's co-executor had been approved in several ongoing FOIA cases. Ex. 9(f)

67. On January 17, 2025, NARA informed the Plaintiff that it did not locate any information responsive to Plaintiff's August 12, 2024 amended FOIA request relating to the transfer, refile, or current location of the 86(89) boxes of Stonehill FOIA records. Ex. 9(g).

68. On January 22, 2025, IRS Disclosure Officer Y. Carvey issued a final response denying the request for documents in Boxes 17 and 83 and documents withheld on the basis of deliberative process based on 26 U.S.C. §6103 because the request asked for "third party return information…" Ex. 9(h)

14

69. In the January 22, 2025 letter from Y. Carvey, the IRS stated that "We disagree with the interpretation of the District Court's order" in *IRS v. Stonehill*" which approved Dr. Lenz's representation as co-executor of the Estate of Harry S. Stonehill.

70. In the January 22, 2025 letter, the IRS informed the Plaintiff's counsel that he must "establish DR. Lenz's identity and his right to access the requested return information."

71. The IRS also denied the request for copies of records related to the current location or transfer of boxes 17 and 83 which were withheld in full based on attorney work product privilege.

72. On January 23, 2025, the Plaintiff appealed the IRS January 22, 2025 decision denying the Plaintiff's FOIA request. Ex. 9(i)

73. On January 23, 2025, the Defendant updated the status of the FOIA request #2025-02800 to "closed." Ex. 9(j)

74. On January 25, 2025, the Defendant affirmed the denial of Plaintiff's FOIA request No. F2025-02800. 9(k)

75. On February 25, 2025, the Defendant denied the Plaintiff's appeal. Ex. 9(k)

76. Plaintiff is deemed to have exhausted any and all administrative remedies with respect to her FOIA, pursuant to 5 U.S.C. §552(a)(6)(C).

## COUNT 1

### (Violation of FOIA, 5 U.S. C.§552)

77. Plaintiff realleges paragraphs 1-76 as if fully stated herein.

78. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

79. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request, (F2025-02800,) and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, number F2025-02800 and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C.§552(a)(4)(E); and grant Plaintiff such other relief as the Court deems just and proper under the circumstances herein.

Dated:  04/09/25

    Respectfully submitted.

    /s/ Robert E. Heggestad

    Robert E. Heggestad
    D.C. Bar No. 953380
    1701 Pennsylvania Ave., NW
    Second Floor
    Washington, DC 20006
    (202) 733-6726
    robert@reheggestad.com