# Exhibit 9

November 8, 2024 FOIA Request

# Exhibit 9(a)

November 8, 2024 FOIA Request

November 8, 2024

Director, Disclosure
Office of Disclosure
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, D.C. 20224

## RE:  **Freedom of Information Act Request**

Dear Sir or Madame:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, (5 U.S.C. §522a) for records concerning Harry S. Stonehill, accession number 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, ("Stonehill boxes"), including but not limited to:

1. All records and documents contained in IRS Stonehill boxes 17 and 83 which the Director of the Washington National Records Center("WNRC"), Christopher Pinkney reported to IRS attorney Helene Newcomb in August 2021 "were stored in their appropriate locations at WNRC."

2. All records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83 between January 1, 2018 and November 8, 2024 to or from the IRS, the Department of Justice Tax Division or the Washington National Records Center ("WNRC");

3.  All records related to the current storage of Stonehill Boxes 17 and 83; and

4.  All documents withheld in *Stonehill v. IRS*, 534 F. Supp. 2d 1 (D.D.C. 2008) based on the IRS assertion of deliberative process privilege; Att. A.

If it is your position that records exist that are responsive to this request, but those records (or portions of those records) are exempt from disclosure, please identify the records that are being withheld and state the basis for the denial for each record being withheld. In addition, please provide the nonexempt portions of the records. I request that all fees in connection with this FOIA request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii), because it does not seek the records for a commercial purpose and disclosure "is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government." Accordingly, I request that you waive all fees for locating and duplicating the records. If, however, a waiver is not granted, then please advise me of the amount of any proposed search, review, and reproduction charges before those activities are carried out.

I am attaching a Power of Attorney and Declaration of Representative and a Privacy Release Act Form signed by Dr. Patrick Lenz, Co-Administrator and Co-Executor of the Estate

of Harry S. Stonehill  (Attachment B). Mr. Stonehill died on March 20, 2002. I am also attaching documents confirming that Jose Lukban died on June 2, 1984; Damaso Nocon died on July 24, 1989; Menhart Spielman died on April 22, 1962; William W. Saunders died on November 2, 2003, Joseph McGee died in 1978; and Harold Childe died on January 16, 2014. Attachment C.

    I will expect a response within 20 working days as provided by law. If you have any questions regarding this request, please contact me at the address below. I am requesting that all records relating to the 89 Stonehill Boxes be preserved and that the contents of the Stonehill boxes currently stored at the WNRC be preserved. Thank you very much for your attention to this matter.

                              Sincerely,

                              Robert E. Heggestad
                              1701 Pennsylvania Ave., NW
                              Second Floor
                              Washington, DC 20006
                              (202) 729-6338
                              robert@reheggestad.com

2

# ATTACHMENT A

Deliberative Process Documents

# EX. 17

Documents withheld in Stonehill v. IRS based on Privileges asserted for the first in the Vaughn Index, not asserted by Tax Division in Rule 60(b)(6) proceeding

# EX. 17(a)

Vaughn Deliberative Process Not Asserted by Tax Division –(Stonehill v. IRS -Pl. Ex. 43)

# EXHIBIT 43

A. 001485

# Vaughn Deliberative Process Not Asserted by Tax Division

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|-----------|---------|------|---------------------|------------|-----------------|--------|
| 02-0001 | 02-0006 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0098 | 16-0100 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0111 | 16-0115 | | B6 AWP; B5-DP | W | AWP | W |
| 16-0148 | | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0254 | 16-0258 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0260 | 16-0273 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0275 | 16-0293 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0317 | 16-0366 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0375 | 16-0377 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0380 | 16-0380 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0380(A) | 16-0380(A) | | B5-AWP; B5-DP | W | AWP | W |
| 16-0381 | 16-0381 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0384 | 16-0384 | | 6103-B3; B6-AWP; B5-DP | W | AWP | W |
| 16-0387 | 16-0395 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | R |
| 16-0397 | 16-0407 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |

A. 001486

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|-----------|---------|------|---------------------|------------|-----------------|--------|
| 16-0410 | 16-0410 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0411 | 16-0411 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0412 | 16-0412 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0413 | 16-0413 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0414 | 16-0414 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0415 | 16-0415 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0416 | 16-0416 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0417 | 16-0417 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0418 | 16-0418 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0419 | 16-0421 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0422 | 16-0422 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0424 | 16-0424 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0425 | 16-0425 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0426 | 16-0427 | | B6 AWP; B5-DP | W | AWP | W |
| 16-0428 | 16-0445 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0525 | 16-0525 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0526 | 16-0526 | | B5-AWP; B5-DP | W | AWP | W |

A. 001487

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|-----------|---------|------|---------------------|------------|-----------------|--------|
| 16-0527 | 16-0527 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0528 | 16-0528 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0529 | 16-0590 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0591 | 16-0591 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0592 | 16-0592 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0593 | 16-0593 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0594 | 16-0594 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0595 | 16-0595 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0596 | 16-0596 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0597 | 16-0597 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0598 | 16-0600 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0601 | 16-0604 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0605 | 16-0605 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0606 | 16-0606 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0607 | 16-0607 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0608 | 16-0608 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0609 | 16-0609 | | B5-AWP; B5-DP | W | AWP | W |

A. 001488

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| 16-0610 | 16-0610 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0611 | 16-0613 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0614 | 16-0614 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0615 | 16-0615 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0616 | 16-0616 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0617 | 16-0617 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0618 | 16-0620 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0621 | 16-0621 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0622 | 16-0622 | | B5-AWP; B5-DP | W | AWP | W |
| 16-0623 | 16-0629 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 16-0631 | 16-0774 | | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| 57-0462 | 57-0465 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 57-0608 | 57-0608 | | B5-AWP; B5-DP | W | AWP | R |
| 75-0010 | 76-0047 | | B5-AWP; B5-DP; 6103-B3 | W | AWP | W |
| 75-0054 | 75-0062 | | B5-AWP; B5-DP; 6103-B3 | W | AWP | W |
| 75-0206 | 75-0220 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 75-0271 | 75-0272 | | 6103-B3; B5-AWP; B5-DP | W | ACP; AWP | W |

A. 001489

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privileges(s) | TD W/R |
|---|---|---|---|---|---|---|
| 84-0310 | 84-0312 | | B5-AWP; B5-DP | W | AWP | W |
| 84-0770 | 84-0770 | | B5-AWP; B5-DP | W | AWP | R |
| A-MISC-1028 | 84-0770 | | B5-AWP; B5-DP | W | AWP | W |
| A-MISC-1033 | A-MISC-1030 | | B5-AWP; B5-DP | W | AWP | |
| A-MISC-1039 | A-MISC-1038 | | B5-AWP; B5-DP | W | AWP | R |
| A-MISC-1074 | A-MISC-1044 | | B5-AWP; B5-DP | W | AWP | R |
| CC2-0008 | A-MISC-1079 | | B5-AWP; B5-DP; B1; 6103-B3 | W, R | AWP | W |
| CC6-0061 | CC2-0050 | | 6103-B3; B5-AWP; B5-DP | W | ACP; AWP | W |
| CC6-0144 | CC6-0062 | | B5-AWP; B5-DP | W | AWP | W |
| CC6-0426 | CC6-0148 | | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC6-0461 | CC6-0440 | | B5-DP2; B5-AWP | W | AWP | W |
| CC6-0480 | CC6-0464 | | B6-DP; B5-AWP | W | AWP | W |
| CC6-0818 | CC6-0484 | | B5-AWP; B5-DP | W | AWP | W |
| CC6-0888 | CC6-0818 | | B5-DP; B5-AWP; B5-ACP | W | ACP; AWP | W |
| CC6-0994 | CC6-0888 | | 6103-B3; B5-AWP; B5-DP | W | ACP | W |
| CC6-1064 | CC6-0995 | | 6103-B3; B5-DP | W | ACP | W |
| 01-0030 | CC6-1064 | | B5-AWP; B5-DP | | | |
| | 01-0031 | 5/8/1962 | B5-AWP; B5-DP | R | ACP; AWP | R |

A. 001490

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| CC1-0322 | CC1-0322 | 8/6/1962 | B5-AWP; B5-DP | W | ACP; AWP | W |
| CC1-0310 | CC1-0311 | 8/21/1962 | B5-ACP; B5-DP | R | ACP | |
| CC1-0269 | CC1-0282 | 3/30/1964 | B5-AWP; B5-DP | W | ACP; AWP | |
| CC1-0283 | CC1-0296 | 3/30/1964 | B5-AWP; B5-DP | W | ACP; AWP | |
| 84-0776 | 84-0778 | 1/11/1965 | B5-AWP; B5-DP; 6103a-B3 | W | AWP | W |
| 85-0495 | 85-0496 | 1/22/1965 | B5-AWP; B5-DP | W | ACP; AWP | R |
| 84-0583 | 84-0583 | 8/11/1965 | B5-ACP; B5-AWP; B5-DP | W | ACP; AWP | W |
| CC6-0798 | CC6-0798 | 8/23/1965 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0961 | CC6-0963 | 9/27/1965 | B5-AWP; B5-DP | W | ACP; AWP | W |
| 16-0259 | 16-0259 | 11/12/1965 | B5-AWP; B5-DP | W | AWP | W |
| 16-0367 | 16-0369 | 11/12/1965 | B5-AWP; B5-DP | W | AWP | W |
| 16-0095 | 16-0097 | 11/19/1965 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| 29-0350 | 29-0352 | 1/11/1966 | B5-ACP; B5-DP | W | AWP | W |
| 29-0349 | 29-0349 | 1/13/1966 | B5-AWP; B5-DP | W | AWP | W |
| 29-0333 | 29-0333 | 1/27/1966 | B5-AWP; B5-DP | W | AWP | W |
| 29-0334 | 29-0334 | 1/27/1966 | B5-AWP; B5-DP | W | AWP | W |
| 02-0130 | 02-0132 | 1/31/1966 | B5-AWP; B5-DP | W | ACP; AWP | W |

A. 001491

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| CC2-0081 | CC2-0104 | 2/11/1966 | B5-AWP; B5-DP; B1; 6103-B3 | W, R | AWP | W |
| CC2-0569 | CC2-0886 | 3/4/1966 | 6103-B3; B5-DP; B5-AWP; B1 | W, R | AWP | W |
| CC2-0896 | CC2-0813 | 3/4/1966 | 6103-B3; B5-DP; B5-AWP; B1 | W, R | AWP | W |
| 57-0160 | 57-0161 | 3/11/1966 | 6103-B3; B5-AWP; B5-DP | W | AWP | R |
| CC2-0236 | CC2-0267 | 5/11/1966 | 6103-B3; B5-AWP; B5-DP | W | ACP; AWP | R |
| 29-0098 | 29-0099 | 5/18/1966 | B5-AWP; B5-DP | W | AWP | R |
| 16-0127 | 16-0127 | 5/26/1966 | B5-AWP; B5-DP | W | ACP | W |
| 16-0128 | 16-0128 | 5/26/1966 | B5-AWP; B5-DP | W | ACP | W |
| CC6-0066 | CC6-0066 | 7/28/1966 | B5-AWP; B5-DP | W | AWP | |
| A-MISC-1509 | A-MISC-1510 | 8/3/1966 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0065 | CC6-0065 | 8/5/1966 | B5-DP | W | ACP; AWP | |
| 25-0215 | 25-0215 | 8/18/1966 | B5-AWP; B5-DP | W | AWP | W |
| 25-0206 | 25-0206 | 8/19/1966 | B5-AWP; B5-DP | W | ACP; AWP | R |
| 25-0209 | 25-0210 | 8/19/1966 | B5-AWP; B5-DP | W | ACP; AWP | W |
| 25-0213 | 25-0213 | 8/22/1966 | B5-AWP; B5-DP | W | AWP | W |
| 25-0214 | 25-0214 | 8/22/1966 | B5-AWP; B5-DP | W | AWP | W |

A. 001492

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| 25-0204 | 25-0204 | 8/26/1966 | B5-AWP; B5-DP | W | ACP; AWP | R |
| 25-0205 | 25-0205 | 8/29/1966 | B5-AWP; B5-DP | W | ACP; AWP | R |
| 84-0418 | 84-0418 | 9/1/1966 | B5-AWP; B5-DP | W | AWP | W |
| 84-0419 | 84-0419 | 9/1/1966 | B5-AWP; B5-DP | W | AWP | W |
| 84-0724 | 84-0724 | 9/12/1966 | B5-AWP; B5-DP | W | AWP | W |
| 84-0726 | 84-0726 | 9/12/1966 | B5-AWP; B5-DP | W | AWP | W |
| 84-0725 | 84-0725 | 9/13/1966 | B5-AWP; B5-DP | W | AWP | W |
| CC6-0750 | CC6-0753 | 9/21/1966 | B5-AWP; B5-DP | W | AWP | W |
| 84-0398 | 84-0398 | 1/9/1967 | 6103a-B3; B5-DP | W | ACP | W |
| 84-0399 | 84-0399 | 1/9/1967 | 6103a-B3; B5-DP | W | ACP | W |
| 84-0309 | 84-0309 | 1/31/1967 | B5-AWP; B5-DP | W | AWP | W |
| 84-0308 | 84-0308 | 3/22/1967 | B5-AWP; B5-DP | W | AWP | W |
| 84-0305 | 84-0305 | 4/17/1967 | B5-AWP; B5-DP | W | AWP | W |
| 84-0304 | 84-0304 | 4/20/1967 | B5-AWP; B5-DP | W | AWP | W |
| CC4-0768 | CC4-0767 | 4/27/1967 | B5-AWP; B5-DP | W | AWP | W |
| CC4-0764 | CC4-0764 | 5/8/1967 | B5-AWP; B5-DP | W | AWP | W |
| 84-0445 | 84-0446 | 5/16/1967 | B5-AWP; B5-DP | W | AWP | W |

A. 001493

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| CC4-0756 | CC4-0761 | 5/19/1967 | B5-AWP; B5-DP | W | AWP | W |
| CC4-0754 | CC4-0755 | 5/29/1967 | 6103-B3; B5-AWP; B6-DP | W | ACP | W |
| CC4-0747 | CC4-0748 | 7/31/1967 | B5-AWP; B6-DP | W | ACP | W |
| CC5-0736 | CC5-0736 | 8/31/1967 | B5-ACP; B5-DP | W | ACP | W |
| CC5-0738 | CC5-0738 | 9/27/1967 | B5-ACP; B6-DP | W | ACP | W |
| CC6-1063 | CC6-1063 | 10/4/1967 | 6103-B3; B5-DP | W | ACP | W |
| 14-0044 | 14-0044 | 2/27/1968 | 6103-B3; B5-AWP; B5-DP | W | AWP | R |
| CC6-0841 | CC6-0843 | 4/5/1968 | B5-DP; B5-AWP | W | AWP | W |
| CC4-0745 | CC4-0746 | 5/20/1968 | B5-AWP; B5-DP | W | ACP | W |
| CC6-0835 | CC6-0836 | 6/15/1968 | B5-AWP; B5-ACP; B5-DP | W | ACP | W |
| 84-0223 | 84-0224 | 6/21/1968 | 6105-B5-AWP; 6105-B5-DP | W | AWP | W |
| 14-0045 | 14-0047 | 7/15/1968 | B5-AWP; B6-DP | W | AWP | R |
| CC6-0828 | CC6-0829 | 9/26/1968 | B5-AWP; B5-ACP; B6-DP | W | ACP | W |
| CC6-0149 | CC6-0152 | 10/23/1968 | B5-AWP; B6-DP | W | AWP | W |
| CC6-0398 | CC6-0398 | 10/23/1968 | B5-AWP; B5-DP | W | ACP | W |
| CC6-0466 | CC6-0467 | 11/24/1968 | B5-DP3; B5-AWP | W | AWP | W |
| CC6-0659 | CC6-0659 | 2/24/1969 | B5-AWP; B5-DP | W | ACP | W |

A. 001494

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R W (724) |
|---|---|---|---|---|---|---|
| CC5-0721 | CC5-0724 | 4/21/1969 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC5-0725 | CC5-0725 | 5/9/1969 | 6103-B3; B5-AWP; B6-DP | W | AWP | W |
| CC5-0726 | CC5-0726 | 5/9/1969 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC5-0720 | CC5-0720 | 5/16/1969 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC5-0727 | CC5-0727 | 5/16/1969 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC5-0729 | CC5-0729 | 5/16/1969 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| CC6-0216 | CC6-0239 | 1/23/1969 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0808 | CC6-0810 | 5/26/1970 | B5-DP; B5-AWP | W | ACP | W |
| CC6-0809 | CC6-0809 | 5/26/1970 | B5-DP; B5-AWP | W | ACP | W |
| CC6-1012 | CC6-1012 | 5/26/1970 | B5-DP; B5-AWP | W | ACP; AWP | W |
| CC6-1004 | CC6-1004 | 12/11/1970 | B5-AWP; B5-DP | W | AWP | W |
| CC6-1005 | CC6-1005 | 12/1/1970 | B5-AWP; B5-DP | W | AWP | W |
| CC6-0120 | CC6-0122 | 12/10/1970 | B5-AWP; B5-DP | W | AWP | W |
| CC6-1054 | CC6-1054 | 1/29/1971 | B5-DP; B5-AWP | W | ACP | W |
| CC6-0030 | CC6-0030 | 2/8/1971 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0954 | CC6-0954 | 3/5/1971 | B5-AWP; B5-DP | W | AWP | W |
| CC6-0791 | CC6-0791 | 7/14/1971 | 6103-B3; B5-DP; B6-AWP | W | ACP | W |

A. 001495

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| 75-0273 | 75-0275 | 8/16/1971 | B5-ACP; B5-DP; B5-AWP; 6103-B3 | W | ACP; AWP | W |
| CC6-1039 | CC6-1040 | 8/18/1971 | 6103-B3; B5-AWP; B5-DP | W | ACP | W |
| 14-0084 | 14-0086 | 9/9/1971 | B5-AWP; B5-DP | W | AWP | W |
| CC6-1041 | CC6-1041 | 11/12/1971 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| A-MISC-0219 | A-MISC-0220 | 12/17/1971 | B5-AWP; B5-DP | W | AWP | R |
| A-MISC-0221 | A-MISC-0224 | 12/17/1971 | B5-AWP; B5-DP | W | AWP | R |
| A-MISC-1368 | A-MISC-1369 | 12/17/1971 | B5-AWP; B5-DP | W | AWP | R |
| CC5-0237 | CC5-0237 | 3/5/1972 | B5-AWP; B5-DP | W | ACP | W |
| CC6-0787 | CC6-0788 | 1/12/1972 | 6103-B3; B5-AWP; B5-DP | W | AWP | W |
| A-MISC-1352 | A-MISC-1354 | 1/6/1972 | B5-AWP; B5-DP | W | AWP | W |
| A-MISC-0814 | A-MISC-0822 | 7/6/1973 | B5-AWP; B5-DP | W | AWP | R |
| A-MISC-0793 | A-MISC-0798 | 7/25/1973 | B5-AWP; B5-DP | W | AWP | R |
| CC1-0059 | CC1-0060 | 12/20/1973 | 6103a-B3; B5-DP | W | AWP | W |
| CC1-0068 | CC1-0069 | 12/20/1973 | 6103a-B3; B5-DP | W | AWP | W |
| CC1-0159 | CC1-0160 | 4/25/1974 | 6103a-B3; B5-DP | W | ACP; AWP | W |
| CC1-0168 | CC1-0168 | 8/28/1974 | 6103a-B3; B5-DP | W | ACP; AWP | W |
| CC1-0156 | CC1-0156 | 8/29/1974 | 6103a-B3; B5-DP | W | ACP; AWP | W |

A. 0014996

| Doc Start | Doc End | Date | Vaughn Privilege(s) | Vaughn W/R | TD Privilege(s) | TD W/R |
|---|---|---|---|---|---|---|
| CC1-0157 | CC1-0157 | 8/29/1974 | 6103a-B3; B5-DP | W | ACP; AWP | W |
| CC1-0194 | CC1-0194 | 10/18/1974 | 6103a-B3; B5-AWP; B5-DP | W | AWP | W |
| CC6-0698 | CC6-0698 | 1/13/1977 | B5-AWP; B5-DP | W | ACP; AWP | W |
| CC6-1031 | CC6-1031 | 3/28/1979 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0034 | CC6-0034 | 5/21/1879 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0029 | CC6-0029 | 6/13/1979 | B5-DP; B5-AWP | W | AWP | W |
| CC6-0863 | CC6-0864 | 8/10/1979 | B5-AWP; B5-DP | W | AWP | W |
| CC6-1025 | CC6-1026 | 8/10/1979 | B5-AWP; B5-DP | W | ACP; AWP | W |
| CC5-0346 | CC5-0346 | 12/8/1979 | 6103-B3; B5-AWP; B5-DP | W | ACP | W |
| CC4-0202 | CC4-0202 | 4/7/1981 | B5-DP | W | AWP | W |
| CC4-0741 | CC4-0742 | 9/4/1984 | B5-AWP; B5-DP | W | AWP | W |

# ATTACHMENT B

Privacy Releases

**U.S Department of Justice**

**Certification of Identity**



FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] ___Harry S Stonehill, Deceased___

Citizenship Status [2] ___Deceased___ Social Security Number [3] ___322-18 5 0___

Current Address _____

Date of Birth _____ Place of Birth _____

**OPTIONAL: Authorization to Release Information to Another Person**

*This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.*

Further, pursuant to 5 U.S.C. Section 552b(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

___Robert E Heggestad, 701 Pennsylvania Ave___

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct  and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] ___Lenz___        Date ___06.11.2024___

___Dn Pat. LENZ, Co Administrator of the Est___

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

| Form **56**<br>(Rev. November 2022)<br>Department of the Treasury<br>Internal Revenue Service | **Notice Concerning Fiduciary Relationship**<br>(Internal Revenue Code Sections 6036 and 6903)<br>Go to *www.irs.gov/Form56* for instructions and the latest information. | OMB No. 1545-0013 |
|---|---|---|

**Part I    Identification**

| Name of person for whom you are acting (as shown on the tax return)<br>Harry S. Stonehill, deceased | Identifying number | Decedent's social security no.<br>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 |
|---|---|---|

Address of person for whom you are acting (number, street, and room or suite no.)
deceased

City or town, state, and ZIP code (if a foreign address, see instructions.)

Fiduciary's name
**Dr. Patrick Lenz**

Address of fiduciary (number, street, and room or suite no.)
**Route des Veroz 9, C.P. 63,**

| City or town, state, and ZIP code<br>**CH-1872 Trolstorrents** | Telephone number (optional)<br>(  024  )    477-6286 |
|---|---|

**Section A.  Authority**

1    Authority for fiduciary relationship. Check applicable box:
a    ☐ Court appointment of testate estate (valid will exists)
b    ☐ Court appointment of intestate estate (no valid will exists)
c    ☐ Court appointment as guardian or conservator
d    ☐ Fiduciary of intestate estate
e    ☐ Valid trust instrument and amendments
f    ☐ Bankruptcy or assignment for the benefit of creditors
g    ☑ Other. Describe:  Appointed by Harry Stonehill as Co-executor and Co-Administator of his l;ast will and Testament June 26, 2001
2a    If box 1a, 1b, or 1d is checked, enter the date of death:
b    If box 1c, 1e, 1f, or 1g is checked, enter the date of appointment, taking office, or assignment or transfer of assets:
      June 26, 2001

**Section B.  Nature of Liability and Tax Notices**

3    Type of taxes (check all that apply):  ☐ Income    ☐ Gift    ☐ Estate    ☐ Generation-skipping transfer    ☐ Employment
     ☐ Excise    ☐ Other (describe):
4    Federal tax form number (check all that apply):  a ☐ 706 series    b ☐ 709    c ☐ 940    d ☐ 941, 943, 944
     e ☑ 1040 or 1040-SR    f ☐ 1041    g ☐ 1120    h ☐ Other (list):
5    If your authority as a fiduciary does not cover all years or tax periods, check here . . . . . . . . . . . . . ☐
     and list the specific years or periods within your authority:

For Paperwork Reduction Act and Privacy Act Notice, see separate instructions.    Cat. No. 16375I    Form **56** (Rev. 11-2022)

Form 56 (Rev. 11-2022)                                                                                                   Page **2**

**Part II**    **Revocation or Termination of Notice**

### Section A—Total Revocation or Termination

**6**  Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal
Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . ☐
Reason for termination of fiduciary relationship. Check applicable box:

**a**  ☐ Court order revoking fiduciary authority

**b**  ☐ Certificate of dissolution or termination of a business entity

**c**  ☐ Other. Describe: ----------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------------------------

### Section B—Partial Revocation

**7a**  Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service
for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . . . . . . . ☐

**b**  Specify to whom granted, date, and address, including ZIP code.
------------------------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------------------------

### Section C—Substitute Fiduciary

**8**  Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and
specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) . . . . . . . . . . . . . ☐
------------------------------------------------------------------------------------------------------------------------------

**Part III**    **Court and Administrative Proceedings**

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | Date proceeding initiated |
|---|---|
| Address of court | Docket number of proceeding |

| City or town, state, and ZIP code | Date | Time | ☐ a.m. ☐ p.m. | Place of other proceedings |
|---|---|---|---|---|

**Part IV**    **Signature**

Please
Sign
Here

Under penalties of perjury, I declare that I have examined this document, including any accompanying statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| _Fiduciary's signature_ | Co-Executor and Co-Specila Admin _Title, if applicable_ | 06.11.2024 _Date_ |
|---|---|---|

Form **56** (Rev. 11-2022)

| Form **2848**<br>(Rev. January 2021)<br>Department of the Treasury<br>Internal Revenue Service | **Power of Attorney**<br>**and Declaration of Representative**<br>▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | OMB No. 1545-0150 |
|---|---|---|

| | | **For IRS Use Only** |
|---|---|---|
| | | Received by: |
| | | Name _____ |
| | | Telephone _____ |
| | | Function _____ |
| | | Date ___ / ___ / ___ |

**Part I**   **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1   Taxpayer Information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address<br><br>Harry S. Stonehill | Taxpayer identification number(s)<br>**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** | |
|---|---|---|
| | Daytime telephone number | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address<br>Robert E. Heggestad  1701 Pennsylvania Ave N.W. Suite 200<br>Washington, D.C. 20006 | CAF No. _____<br>PTIN _____<br>Telephone No. _____**202-729-6338**_____<br>Fax No. _____202 580 6559_____ |
|---|---|
| **Check if to be sent copies of notices and communications**   ☑ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
|---|---|
| **Check if to be sent copies of notices and communications**   ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
|---|---|
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ |
|---|---|
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3   Acts authorized (you are required to complete line 3).** Except for the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
| | 1040 | 1958-1961 |
| | | |
| | | |

**4   Specific use not recorded on the Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . ▶ ☐

**5a   Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____
_____
_____

☐ Other acts authorized: _____

| For Privacy Act and Paperwork Reduction Act Notice, see the instructions. | Cat. No. 11980J | Form **2848** (Rev. 1-2021) |
|---|---|---|

Form 2848 (Rev. 1-2021)                                                                                                           Page **2**

**b**  **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): _____

**6**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this form. **If you do not want to revoke a prior power of attorney, check here**  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7**  **Taxpayer declaration and signature.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| *Lenz* (signature) | 06-11-2024 | Co-Executor and Co-Administrator of the Estate of Harry S. Stonehill |
| Signature | Date | Title (if applicable) |
| Dr. Patrick Lenze | Harry S. Stonehill | |
| Print name | Print name of taxpayer from line 1 if other than individual | |

---

## Part II   Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

   **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

   **b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

   **c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

   **d** Officer—a bona fide officer of the taxpayer organization.

   **e** Full-Time Employee—a full-time employee of the taxpayer.

   **f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

   **g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

   **h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). *See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.*

   **k** Qualifying Student or Law Graduate—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student, or law graduate working in a LITC or STCP. See instructions for Part II for additional information and requirements.

   **r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | D.C. | D.C. Bar No. 953380 | | 11/05/24 |
| | | | | |
| | | | | |

Form **2848** (Rev. 1-2021)

| Form **8821** | **Tax Information Authorization** | OMB No. 1545-1165 |
|---|---|---|
| (Rev. January 2021) | ▶ Go to *www.irs.gov/Form8821* for instructions and the latest information. | **For IRS Use Only** |
| Department of the Treasury | ▶ Don't sign this form unless all applicable lines have been completed. | Received by: Name _____ |
| Internal Revenue Service | ▶ Don't use Form 8821 to request copies of your tax returns or to authorize someone to represent you. See instructions. | Telephone _____ Function _____ Date _____ |

**1  Taxpayer information.** Taxpayer must sign and date this form on line 6.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Harry S. Stonehill, deceased | 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 |
| | Daytime telephone number     Plan number (if applicable) |

**2  Designee(s).** If you wish to name more than two designees, attach a list to this form. **Check here if a list of additional designees is attached ▶** ☐

| Name and address | |
|---|---|
| Robert E. Heggestad | CAF No. _____ |
| 1701 Pennsylvania Ave. N.W  Suite 200 | PTIN _____ |
| Washington, D.C. 20006 | Telephone No.    202-729-6338 |
| | Fax No.    202-580-6559 |
| **Check if to be sent copies of notices and communications** ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| **Check if to be sent copies of notices and communications** ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

**3  Tax information.** Each designee is authorized to inspect and/or receive confidential tax information for the type of tax, forms, periods, and specific matters you list below. See the line 3 instructions.

☑ By checking here, I authorize access to my IRS records via an Intermediate Service Provider.

| (a)<br>Type of Tax Information (Income, Employment, Payroll, Excise, Estate, Gift, Civil Penalty, Sec. 4980H Payments, etc.) | (b)<br>Tax Form Number (1040, 941, 720, etc.) | (c)<br>Year(s) or Period(s) | (d)<br>Specific Tax Matters |
|---|---|---|---|
| | 1040 | 1958-1961 | FOIA |
| | | | |
| | | | |

**4  Specific use not recorded on the Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. See the instructions. If you check this box, skip line 5 . . . . . . ▶ ☐

**5  Retention/revocation of prior tax information authorizations.** If the line 4 box is checked, skip this line. If the line 4 box isn't checked, the IRS will automatically revoke all prior tax information authorizations on file unless you check the line 5 box and attach a copy of the tax information authorization(s) that you want to retain . . . . . . . . . . . ▶ ☐
To revoke a prior tax information authorization(s) without submitting a new authorization, see the line 5 instructions.

**6  Taxpayer signature.** If signed by a corporate officer, partner, guardian, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify that I have the legal authority to execute this form with respect to the tax matters and tax periods shown on line 3 above.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THIS TAX INFORMATION AUTHORIZATION WILL BE RETURNED.**

▶ **DON'T SIGN THIS FORM IF IT IS BLANK OR INCOMPLETE.**

| _Signature_ | 06. 11. 2024 |
|---|---|
| | _Date_ |
| Dr. Patrick Lenz Co-Executor and Co-Administrator of the Estate of Harry S. Stonehill | |
| _Print Name_ | _Title (if applicable)_ |

| For Privacy Act and Paperwork Reduction Act Notice, see the instructions. | Cat. No. 11596P | Form **8821** (Rev. 01-2021) |
|---|---|---|

# ATTACHMENT C

Lukban, Nocan, McGee, Speilman, Saunders

Home  History of our Name  About us  Family Monuments  Our Santos  Vicente Lukban  Justo Lukban  Cayetano Lukban  Miguel Lukban  Agustin Lukban  Jose Lukban  Rafaela Lukban  Concepcion Lukban  Maria Lukban Mesa  Justo Lukban Albert  News  Blog  Contact us  The Next Lukbans

# LUKBAN



### JOSE G. LUKBAN

### (1911-1985)

### 1939-45 - Brigadier General -U.S- Philippine Armed Forces

### Silver Star Receipient , U.S. Forces, Pacific, G.O. No. 184 (1945)

### 1954-1966 - Director - National Bureau of Investigations

Jose G. Lukban was born in Manila on March 19, 1911. He was the seventh of eight children in the second marriage of Gen. Vicente Lukban to Paciencia Gonzales.

He studied at Mapua High and continued to obtain his Bachelor Degree at  Far Eastern University. In 1933, he obtained his Law Degree at Far Eastern University. Shortly thereafter, he joined the newly formed Philippine Scouts of the US Armed Forces as part of their legal counsel.  Fearing the impending outbreak of war in the Region, Gen. Macarthur, consolidated all commissioned officers to build up the defense of the Philippines. Jose Lukban was then commissioned as Lieutenant as part of the newly formed 73rd Regiment.

When the Japanese forces invaded the Philippine Islands in 1941, over a period of 6 months, the Philippine Scouts and the US Army were slowly being pushed into the Bataan Peninsula and eventually Corrigedor.  Lt. Lukban, was in-charge of rear guard action for the retreating forces. So gallant was his efforts that he was named in the book "Filipino Heroes of World War II" by Col. Uldarico Baclagon and recognized by the United States Army by being awarded the Silver Star after World War II. When the Bataan Peninsula fell to the Japanese,  he was captured and forced onto the famous "Bataan Death March". He eventually escaped and joined the guerilla forces. He was captured by the Japanese while conducting his guerilla activities. During his capture, he was tried and sentence to be beheaded. However, during his supposed execution, he noted that every time the officer lowered his samurai sword, he felt the dull edge of the sword on his neck. Apparently, the officer conducting the execution would turn the blade of the sword every time he lowered his sword.  The officer did



this to scare Lt. Lukban into a confession and give away the whereabouts and activities of his fellow guerillas. Lt Lukban prevailed and did not concede to his executioners and eventually escaped.

During his guerilla activities, Lt. Lukban help organize some of the local Muslims to fight against the Japanese. The local Moros knew of his father, Gen. Vicente Lukban, efforts during the Philippine Insurrection and voluntarily joined the fight. One of the local Moro leaders named him an honorary "Datu".

At the end of World War II through 1949, Lt. Col. Lukban , was given the task of defending the Japanese, Lt. General Shigenori Kuroda, Commander for all the Japanese Imperial Forces in the Philippines from 1943 to 1944, for War Crimes that occurred in the Philippines.

http://www.lawphil.net/judjuris/juri1949/mar1949/gr_-2662_1949.html

He cleverly disguised the Japanese General giving him a mole on his cheek while witnesses were identifying the General as the one who committed the war crimes. At the end of the trial, he removed the mole to try to disqualify the witnesses as falsely identifying the Japanese General. Upon his retirement from the Armed Forces, he was promoted to Brigadier General.

In 1954, he was appointed by President Ramon Magsaysay to head the National Bureau of Investigation (NBI).  He held this position until 1966, when he was replaced by Jolly Bugarin by the then incoming President Ferdinand Marcos.  During his tenure, he was known as an honest, responsible and uncorruptable man.  He made a reputation as a defender of corruption in his cases in "Stonehill  vs Diokno " and the "Ted Lewin" fiasco duly noted on Time Magazine "The Plug-Ugly American" dated December 21, 1959.  He was a staunch defender against communism in the South East Asia Region and befriended Indonesian President Soekarno as noted in the issue of Life Magazine "Communism a Dirty Campaign" dated Nov 26, 1965. In recognition of his achievements, the NBI awards its top agent every year with the Jose G. Lukban Award.

Jose Lukban, was passionate about Judo. His interest started prior to the onset of World War II and continued throughout his life. In 1954, he formed the Philippine Amateur Judo Association which eventually became the All Philippine Judo Association in 2003 and the Philippine Judo Federation in 2008. He received a Citation of Merit in July 1964 from the Kodokan Judo Institute in Japan for promoting Friendship between Japan and the Philippines. When Jose Lukban retired from Judo, he had a 5 dan-degree black belt under him making him a master in the Art of Judo.

In the late 1970s, Jose Lukban migrated to the United States. When Governor Ronald Reagan ran for office of the President of the United States, Jose Lukban led the

fight and was an activist to allow US Citizenship for all former Filipinos who served and fought with the United States Army during World War II. The law was passed in July, 2002 by President George Bush under Section 329 of the Immigration and Nationality Act. Subsequently, In 2009, President Obama enacted repayment of 7.2 Billion Pesos to all Filipino World War II veterans in the Filipino Veterans Equity Compensation Provisions of the American Recovery and Reinvestment Act.

Jose Lukban died In June 2, 1985. He is buried at the St. Joseph Cemetery in San Pablo, California alongside his wife Esperanza. He father three daughters; Nina, Lydia and Maria Luisa.

Make a free website with

1  ROSS, DIXON & BELL, LLP
   Jason S. Hartley (Cal. Bar No. 192514)
2  550 West B Street, Suite 400
3  San Diego, California 92101-3538
   Telephone: (619) 235-4040
4  Facsimile: (619) 231-8796

5  John R. Gerstein
   Robert Heggestad
6  Jonathan Cohen
7  ROSS, DIXON & BELL, LLP
   2001 K Street, N.W.
8  Washington, D.C. 20006-1040

9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14  UNITED STATES OF AMERICA,            Case No. 65-127 (OMP)

15            Plaintiff,

16        v.                            **DECLARATION OF ANGEL E. NOCON**

17  HARRY S. STONEHILL AND ROBERT P.
18  BROOKS,
                                         Hon. Owen M. Panner (D. Oregon)
19            Defendants.

20

21        I, Angel E. Nocon, declare as follows:
22
23        1.    I currently reside at 2729 Robalee Way, Oak Hill, Virginia, 20171.

24        2.    My father, Damaso Nocon, died in Manila, the Philippines, on July 24, 1989.

25

26

27

28

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct, and if called upon as a witness, I could and would competently testify thereto.

Executed this 23rd day of July, 2007 in Oak Hill, Virginia

Angel E. Nocon

# John J. McGee, 50, Honored
# By CIA for Foreign Service

John Joseph McGee, 50, a retired employee of the Central Intelligence Agency, died of cancer Sunday at George Washington University Hospital.

Mr. McGee, who was born in Rockland, Mass., entered the Army when he was 17, serving nine years before joining the CIA in 1954.

Mr. McGee received meritorious awards for assignments in Europe, the Middle East, the Far East and Latin America. He retired this year.

In addition to his wife, Zosia, of the home at 2819 Mosby St., Alexandria, Mr. McGee is survived by four children: Susan Dickinson, of Charleston, H. Va., Nancy Bowman, of Tuscaloosa, Ala., John Jr., a student at Allentown College, and Michael, at the home; a brother, Cleveland, of Orlando, Fla.; four sisters, Kitty Shannon of Abington, Mass., Elreda Crawford, Foxboro, Mass., Harriet Brace, Chatham, Mass., and Eloise Duquette, Brockton, Mass., and three grandchildren.

The family requests that sympathy be expressed in the form of contributions to the American Cancer Society.

JOHN J. McGEE

MCGEE, JOHN JOSEPH Age 50, died Sunday, October 27, at George Washington University Hospital, of Cancer, in his home in Rockland, Mass. and entered the Army at the age of 17, serving 9 years in the CIA. He was employed by the CIA in 1954, serving with distinction in assignments in Europe, the Middle East, the Far East, and Latin America. He retired in April 1976. He is survived by his wife Zosia, of the home, 2819 Mosby Street, Alexandria and four children, Susan Dickinson of Charleston, W. Va., Nancy Bowman, Tuscaloosa, Ala., John, Jr., attending Allentown College, Pa., and Michael at the home address; and one grandson, Angelo Bowman; two granddaughters, Matthew Bowman and Jerry Dickinson. He was the brother of Kitty Shannon, of Abington, Mass., Elreda Crawford of Foxboro, Mass., Harriet Brace, Chatham, Mass., Eloise Duquette, Brockton, Mass., and Cleveland McGee of Orlando, Florida. A Mass of the resurrection will be offered at St. Rita's Catholic Church, on Russell and W. Glebe Rd., Alex. on Wednesday at 11 o'clock a.m. His body has been donated to the George Washington University Hospital. Sympathy may be expressed in his memory to the American Cancer Society.

Form FS-192
11-19-51

DEPARTMENT OF STATE
FOREIGN SERVICE OF THE UNITED STATES OF AMERICA

# REPORT OF THE DEATH OF AN AMERICAN CITIZEN

Manila, Philippines, May 24, 1962

(Place and date)

Name in full .......... Menhart Spielman .......... Occupation .......... Businessman

Native or naturalized .......... Born Czechoslovakia, Oct. 23, 1923 .......... Last known address

in the United States .......... 1948 to 1954, New York City, New York

Date of death .......... April 22 ........................ 1962 .......... Age 39 years
               (Month)   (Day)      (Hour)   (Minute)   (Year)   (Approximate as can be ascertained)

Place of death .......... Off Laminusa Island (South of Jolo), Sulu, Philippines)
                  (Number and street or, (Hospital or hotel)    (City)         (Country)

Cause of death .......... Reported clubbed to death, according to official statement of
National Bureau of Investigation. (Include authority for statement)

Disposition of the remains .......... Reportedly disposed of at sea, off Laminusa Island,
Sulu Archipelago, Philippines.

Local law as to disinterring remains .......... Not pertinent in this case.

.......... Placed under consular seal pending appointment of Attorney
.......... Allison Gibbs, of Ozaeta, Gibbs & Ozaeta, Manila as admin-
Disposition of the effects .......... istrator by local courts. (Reference Embtel 129, dated
May 12, 1962 & Dept's 1405 dated May 17, 1962)

Person or official responsible for custody of effects and accounting therefor .......... See foregoing.

Informed by telegram:

| NAME | ADDRESS | RELATIONSHIP | DATE SENT |
|---|---|---|---|
| Department of State | Washington, DC | - - - | May 12, 1962 |

Copy of this report sent to:

| NAME | ADDRESS | RELATIONSHIP | DATE SENT |
|---|---|---|---|
| none | | | |

Traveling or residing abroad with relatives or friends as follows:

| NAME | ADDRESS | RELATIONSHIP |
|---|---|---|
| none | | |

Other known relatives (not given above):

| NAME | ADDRESS | RELATIONSHIP |
|---|---|---|
| unknown | | |

This information and data concerning an inventory of the effects, accounts, etc., have been placed
under File 234 in the correspondence of this office.

Remarks: .......... 1. The following signed statement, dated May 15, 1962, was given
to the Embassy by Jose G. Lukban, Acting Director of the Philippine National
Bureau of Investigation: "TO WHOM IT MAY CONCERN: This is to certify that,
from the evidence gathered by this Office in the .......... (Continue on reverse if necessary.)

[SEAL]                     David W. McClintock (Signature on all copies)
No fee prescribed.         .......... Vice Consul .......... of the United States of America.

investigation of the disappearance of Mr. MENHART
SPIELMAN, government witness in the deportation case
against HARRY S. STONEHILL, ROBERT P. BROOKS, et als,
he died by violence on the evening of 22 April 1962,
in a motor launch named KINGDOM near the island of
Laminosa, Siasi district, Jolo, Sulu Archipelago,
Philippines, after having been subjected to physical
attacks by several conspirators."

2.  Article 390, Civil Code of the Philippines, provides
that "After an absence of seven years, it being unknown
whether or not the absentee still lives, he shall be
presumed dead for all purposes, except for those of
succession. ..."  In addition to those cases where
proof of death is established before end of statutory
period, formal action in court is necessary to establish
death in cases where 7 years have elapsed.

3.  Deceased was bearer of U. S. Passport No. 239409,
issued at Manila on December 15, 1959, which cannot be
located.

4.  Copies of pertinent newspaper articles are enclosed.

**Dr. Patrick Lenz**

Rte des Véroz 9, CP 63
**CH-1872 Troistorrents**

Troistorrents, the 28.12.23

**Robert E. Heggestad**
1747 Pennsylvania Ave., NW
Suite 1250
Washington, DC 20006

Estate of Harry S. Stonehill

To whom it may concern,

I hereby confirm that I have no intention to resign as a co-executor of the Stonehill estate nor have I taken any action to close the estate.

According to Swiss law there is no limitation period (prescription) for successions unless there is a repudiation of the inheritance by the heirs which is not the case.

With my best regards

Dr. Patrick Lenz

Co-Executor of the Estate of Harry S. Stonehill

Q  Search by Name

Saunders / William Saunders

Send Flowers



William W. Saunders

<<  Share                          🔔  Follow

**ABOUT**                     Stanford University

# William Saunders Obituary

**S** AUNDERS, WILLIAM W. An informal memorial reception will be held on Saturday,
February 21 from 4:00 to 6:00 p.m. in the lobby of the Benson Hotel in downtown
Portland for William ("Bill") Wesley Saunders who died in Honolulu, Hawaii on Nvember
2, 2003, at age 82. A regular visitor to Portland for more than 40 years, Mr. Saunders
leaves behind many friends and business associates in the Portland/Vancouver area. Mr.
Saunders was born in Honolulu on July 18, 1921, to Dr. Cecil A. Saunders and Kathryn
LaRue (Day) Saunders (both originally from Richland, Oregon). He graduated from
Stanford University in 1942. During WWII, he served with the 8th Air Force in England as
a B-17 navigator, flying 35 missions over Germany. He married Gertrude ("Trudy") Helen
Horswill in 1946. He graduated from Stanford Law School in 1948 and returned to Hawaii
to practice law. In the early 1970's, while continuing his private law practice, Mr.
Saunders cofounded Aston Hotels and Resorts, one of Hawaii's most successful and
respected hotel management chains. In addition to his successful career in Hawaii, Mr.

Saunders participated in the development and/or management of numerous golf courses on the West Coast, founding National Golf Courses, Inc., in 1956. These included four golf courses in the Portland area: Colwood, Glendoveer, Meriwether and The Cedars. He co-founded and served as Charter President of the National Golf Course Owner's Association. He was also a former member of Waverley Country Club. Mr. Saunders was a generous philanthropist, consummate gentleman, savvy businessman, and the beloved patriarch of the extended Saunders family. He enjoyed golf, travel, reading, and Stanford sports. He will be fondly remembered for his keen intelligence, integrity, and wonderful sense of humor. Mr. Saunders is survived by his wife, Trudy; three children, (Diana Gail Sanchez of Honolulu, William W. Saunders, Jr., of Honolulu, and Elizabeth Anne Saunders of Bend); brother, Barney R. Saunders of Park City, Utah; six grandchildren, and 18 nieces and nephews. He is predeceased by his parents, his sister, Alice Saunders Burden, and his brother, Dr. Cecil Allen Saunders, Jr. An earlier memorial service and burial took place in Honolulu in November. The family requests that any remembrances be made to Stanford University.

To plant trees in memory, please visit the Sympathy Store.

Published by The Oregonian on Feb. 19, 2004.

# Memories and Condolences
# for William Saunders

# Exhibit 9(b)

November 15, 2024 letter from Y. D. Carvey to R. Heggestad

 **Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and**
**Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Robert Heggestad, Esquire
2205 California Street NW
Washington, DC 20008

Date:
November 15, 2024
Employee name:
T. Jones
Employee ID number:
1000571420
Telephone number:
904-661-3211
Fax number:
855-203-7004
Case number:
2025-02800
Re: Harry S. Stonehill

Dear Robert Heggestad:

This is an interim response to your Freedom of Information Act (FOIA) request we received on November 8, 2024.

You requested the following:
All records and documents contained in IRS Stonehill boxes 17 and 83 which the Director of the Washington National Records Center("WNRC"), Christopher Pinkney reported to IRS attorney Helene Newcomb August 2021 "were stored in their appropriate locations at **WNRC."**

All records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83 between January 1, 2018, and November 8, 2024, to or from the IRS, the Department of Justice Tax Division or the Washington National Records Center ("WNRC")

All records related to the current storage of Stonehill Boxes 17 and 83; and

All documents withheld in *Stonehill v. IRS,* 534 F. Supp. 2d 1 (D.D.C. 2008) based on the IRS assertion of deliberative process privilege; Att. A.

To process your FOIA request, I need the items checked below:

☒Describe the records in enough detail to enable us to locate them. This may include: The specific tax years you are requesting the information for

You must establish your right to receive tax returns and return information in accordance with Title 26 Code of Federal Regulations Section 601.702(c)(5)(iii). If you don't include the items checked below when you re-submit your request, we will deny your request for tax returns or return information.

Establish your identity by submitting:

☒ Provide proof of your right to access the requested records. Acceptable proof includes current letters of testamentary or a court certificate as proof of your court appointment to establish the validity and authorization of the attached Form 56, Notice of Fuduciary Relationship.

Send us your updated request and the information needed to further clarify your request and a copy of this letter within 35 days, December 20, 2024, or we will close your request with no further action. Please ensure the copy of this letter is on top of the correspondence to ensure proper processing of your request. The 20 business-day statutory response time does not begin until we receive the requested information per Title 5 USC Section 552 (a)(6)(A)(i). Fax your response to 877-891-6035 or mail to:

> Internal Revenue Service
> GLDS Support Services
> Stop 93A
> PO Box 621506
> Atlanta, GA 30362

If you have questions regarding the processing of your FOIA request, please contact the caseworker assigned to your case at the phone number listed at the top of this letter.

If you are not able to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaisons at 312-292-2929. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

Sincerely,

Y. D. Carvey
Acting Disclosure Manager
Disclosure Office 07

# Exhibit 9(c)

November 25, 2024 letter from R. Heggestad to Y. D. Carvey

# Robert E. Heggestad

1701 Pennsylvania Ave., N.W.,
Second Floor
Washington D.C. 20006
Tel. 202 733-6726
robert@reheggestad.com

November 25, 2024

**BY FASIMILE AND BY MAIL**
Y. D. Carvey
Internal Revenue Service
Privacy, Governmental Liaison and Disclosure
GLDS Support Services
Acting Disclosure Manager
Disclosure Office 07

Re:    **Harry S. Stonehill, Case No 2025-02800  FOIA request #2025-02800;
received 11/08/2024**

Dear Y. D. Carvey:

FOIA request #2025-02800 dated November 8, 2024 was received electronically by the Disclosure Office on November 8, 2024. (Attached) Your interim response dated November 15, 2024 was received on November 23, 2024 at my home address. (Attached) The return address on the November 8, 2024 FOIA request was my office address above, **not** my home address which appears to have been used to delay receipt of your response.  In the future, please extend the professional courtesy of responding to all correspondence to my office address, as attorney for Dr. Patrick Lenz.

Your letter states that I have failed to "Describe the records in enough detail to enable us to locate them. This may include: the specific tax years you are requesting the information for." As you know from reading the FOIA request and as described in your letter, I am requesting all records related to Harry S. Stonehill in Boxes 17 and 18 stored at the Washington National Records Center ("WNRC") as of August 2021 as reported by IRS attorney Helene Newcome and the Director of the WNRC Christopher Pinkney.   The first paragraph of the request identified accession number 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. The privacy release documents attached, which you apparently did not read, identifies the Tax Years as 1040- 1958-1961. I would suggest that you search your records under Harry S. Stonehill – Taxpayer identification number 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 and under accession number 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.

As you noted, I also requested information related to the current location and any transfer of the boxes between the IRS, Department of Justice Tax Division and the Washington National Records Center.  That information can easily be obtained from IRS records and from the WNRC which stored these records.

Finally, I requested documents withheld from the Stonehill IRS Chief Counsel boxes which are identified in Attachment A and were withheld in *Stonehill v. IRS*, 534 F. Supp. 2d 1 (D.D.C. 2008). That FOIA litigation arose from a July 10, 1998 FOIA request file by Harry S. Stonehill which requested the same documents from Boxes 17 and 83 described in my current FOIA request. The IRS claimed Boxes 17 and 83 were lost for more than two decades. They are not lost; they were stored at the WNRC. I would suggest that you provide this information to your IRS disclosure counsel if you do not have the ability to conduct a search based on the information I have provided.

You also state that "You must establish your right to receive tax returns and tax return information in accordance with Title 26, Code of Federal Regulations Section 601.702 (c)(5)(iii). Again, it appears that you have not taken the time to read the attached privacy releases and information relating to the status of the Estate of Harry S. Stonehill. The IRS has raised this issue previously and it has been rejected by the Courts. In ongoing FOIA litigation, including litigation with the IRS, *Stonehill v, IRS*, Civ. A. No. 19-3644 (RDM), the Courts have approved the Substitution of Dr. Patrick Lenz, the co-executor of the Estate of Harry S. Stonehill, as the Plaintiff entitled to receive all privacy related information related to Harry S. Stonehill. Any argument raised by you or the IRS questioning my right, as counsel for Dr. Lenz, to receive the information described above is frivolous at best and at worst an attempt by the Disclosure Office to delay a response to my FOIA request, contrary to the FOIA.

Under all of the above circumstances, I expect to receive a response agreeing to produce the requested records by December 10, 2024.

Very sincerely,

Robert E. Neggestad

# Exhibit 9(d)

November 26, 2024 letter from R. Heggestad to Y. D. Carvey

# Robert E. Heggestad

1701 Pennsylvania Ave., N.W.,
Second Floor
Washington D.C. 20006
Tel. 202 733-6726
robert@reheggestad.com

November 26, 2024

**BY FASIMILE AND BY MAIL**

T. Jones
Internal Revenue Service
Privacy, Governmental Liaison and Disclosure
GLDS Support Services
Acting Disclosure Manager
Disclosure Office 07

> **Re:    Harry S. Stonehill, Case No 2025-02800  FOIA request #2025-02800;
> received 11/08/2024**

Dear Ms. Jones:

Thank you for explaining the issues elating to the privacy release.  Although I believe the necessary release documents were attached to the FOIA request, I am enclosing the portion of the Will of Harry S. Stonehill, appointing Dr. Lenze as the co-executor of the Estate.  I also am attaching a copy of the W-Form 30 describing the Stonehill files when they were transferred to the WNRC in May 2013.  As noted during our discussion, there is a litigation hold on all of the Stonehill records pending resolution of any appeal filed in *Stonehill v, IRS*, Civ. A. No. 19-3644 (RDM) and the. Pending completion of the processing of this FOIA request #2025-02800, that litigation hold should remain in-tact.

Thank you for your help in resolving any issues as discussed today.

Very sincerely,

Robert E. Heggestad

29/10/2002  20:59    +34-5-245-0107    VILLA COLORADA(?)    P. ..

CHURRIANA
HAND WRITTEN WILL    26 OF JUNE 2001
of
HARRY STONEHILL

I, HARRY SOLOMAN STONEHILL HAVE WRITTEN THIS DOCUMENT IN TROISTORREENTS OF THE 7TH OF MAY 2001 TO SERVE AS MY WILL, IN ACCORDANCE WITH THE FORMS PRESCRIBED UNDER ARTICLE 505 OF THE SWISS CIVIL CODE (SCC).

I SIGN THIS DOCUMENT AS MY LAST WILL, I SIGN IT WILLINGLY AS MY FREE AND VOLUNTARY ACT FOR THE PURPOSE THEREIN EXPRESSED. I DECLARE THAT I AM OF AGE AND MAJORITY OR OTHERWISE LEGALLY EMPOWERED TO MAKE A WILL, AND UNDER NO CONSTRAINT OR UNDUE INFLUENCE.

I HEREBY REVOKE ALL WILLS AND CODICILS I HAVE PREVIOUSLY MADE,

I APPOINT THE FOLLOWING EXECUTORS AND SUCCESSOR EXECUTORS FOR THIS WILL TO SERVE WITHOUT BOND IN THE ORDER INDICATED. SHOULD ONE OF THE FIRST APPOINTEES BECOME UNABLE TO SERVE, THEN THE SECOND AND THEN THE THIRD SHOULD SERVE WITH THE REMAINING FIRST APPOINTEE IN THE ORDER INDICATED.

FIRST APPOINTEES: ATTY. JACQUES HEWNLY AND HY WIFE (REINE CLING) STONEHILL
SECOND APPOINTEE: DR. PATRICK LENZ
THIRD APPOINTEE: ELIZABETH THOMPSON STONEHILL

THE EXECUTORS HAVE ALL THE RIGHTS AND OBLIGATIONS DEFINED UNDER ARTICLES 517 AND 518 SCC, IN PARTICULAR, THEY HAVE ALL THE POWERS TO DISTRIBUTE MY ASSETS AS SET OUT IN THIS WILL. GOVERNING LAW: AS A SWISS CITIZEN, HAVING MY LEGAL DOMICILE IN TROISTORREENTS, VALAIS, SWITZERLAND, THIS WILL SHALL BE SUBJECT TO THE SWISS LAWS, IF, FOR ANY REASON, I WOULD NO LONGER BE OR NO LONGER BE CONSIDERED AS DOMICILED IN SWITZERLAND ON THE DAY OF MY DEATH, I DECIDE THAT MY WILL BE SUBJECT TO THE LAWS OF SWITZERLAND AND TO THE COURTS COMPETENT IN MY PLACE OF ORIGON, IE. TROISTORREENTS, DISTRICT OF MONTHEY, SWITZERLAND, THIS IN ACCORDANCE WITH ARTICLE 87, ALL OF THE SWISS FEDERAL CODE ON PRIVATE INTERNATIONAL LAW.
BURIAL EXPENSES ARE TO COME FROM MY ESTATE BEFORE DISTRIBUTION OF ANY ASSETS.

29/10/2002  20:39   +34-5-243-5167           VILLA GOLUMDRINA              PAGE  03

## 7.

I, HARRY S. STONEHILL, THE TESTATOR, SIGN MY NAME
TO THIS WILL,

———PAGES IN TOTAL, THIS 26TH DAY OF JUNE          2001

I SIGN THIS DOCUMENT AS MY LAST WILL, THAT I SIGN IT
WILLINGLY, AND THAT I EXECUTE IT AS MY FREE AND
VOLUNTARY ACT/FOR THE PURPOSE THEREIN EXPRESSED.

I DECLARE THAT I AM OF THE AGE AND MATURITY OR
OTHERWISE LEGALLY EMPOWERED/TO MAKE A WILL, AND
UNDER NO CONSTRAINT OR UNDUE INFLUENCE.

_Harry J. Stonehill_

WE, THE WITNESSES SIGN OUR NAME TO THIS DOCUMENT,
DO/WE DECLARE THAT THE FOREGOING IS TRUE          2001.   HfS
AND CORRECT THIS          DAY OF

RESIDING AT

RESIDING AT

RESIDING AT

@ 001/001

# RECORDS TRANSMITTAL AND RECEIPT

Complete and send original and two copies of this form to the appropriate Federal Records Center for approval prior to shipment of records

Page 1

**1. TO** (Complete the address for the appropriate Records Center serving your area)

FRC - WNRC (Suitland)
Facility - 01
4205 SUITLAND ROAD
SUITLAND, MD. 20746

**5. FROM** (Enter the name and complete mailing address of the office referring the records. The signed receipt of this form will be sent to this address)

Customer Reference Number: 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-FOD
Internal Revenue Service
058, Internal Revenue Service

As shown in
FPMR 101-11.410-1

**2. AGENCY TRANSFER AUTHORIZATION**

TRANSFERRING AGENCY OFFICIAL (Signature and Title)     DATE

**3. AGENCY CONTACT**

TRANSFERRING AGENCY LIAISON OFFICIAL
(Name, Office and Telephone No.)
ANNETTE MITCHELL
Internal Revenue Service
Phone 202-622-8083

ANNETTE MITCHELL
INTERNAL REVENUE SERVICE
RM:1123:IR-OS:A:RE:C:A3:DC:1.C
1111 CONSTITUTION AVE., N.W.
WASHINGTON
DC
20224
202-622-8083

**4. RECORDS CENTER RECEIPT**

RECORDS RECEIVED BY (Signature and Title)     DATE
FRC - WNRC (Suitland)

Channon Harris, Chief Transfer   5/30/2013

202-622-8983GRAND JURY-TRUDENCE GLENN-202-283-9355

**6.**

f. Disposition Research

**RECORDS DATA**

| TRANSFER NUMBER | VOLUME | No. Of | SERIES DESCRIPTION (with inclusive dates of records) | RESTRICTION | DISPOSITION AUTHORITY | DISPOSITION DATE | LOCATION | CONTAINER TYPE |
|---|---|---|---|---|---|---|---|---|
| RG | FY | NUMBER | (A. ft.) | Containers | | Agency Personnel | RCS/15/2951 | 12/01/2024 | | Standard |
| 058 | 1981 | 0024 | | 86 | ^ AD - LEGAL CASE FILE | | | | |

Security Classification: Unclassified
Security Level
Standard Storage

Disposition Code: Temporary
Disposition Citation
RCS/75/291

Inclusive Start Date
06/01/1981

Inclusive End Date
05/30/1981

NSN 7540-00-634-4093

135-107

Standard Form 135 (Rev. 7-85)
Prescribed by NARA
36 CFR 1228.152

STON00506
P.001

# Exhibit 9(e)

December 18, 2024 letter from Y. D. Carvey to R. Heggestad

 **Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and**
**Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Robert Heggestad
1701 Pennsylvania Avenue, N.W.
Second Floor
Washington, DC 20006

Date:
December 18, 2024
Employee name:
J. Carrion
Employee ID number:
1003230699
Telephone number:
787-522-1830
Fax number:
855-203-7004
Case number:
2025-02800
Re: Harry S. Stonehill

Dear Robert Heggestad:

This is an interim response to your Freedom of Information Act (FOIA) request we received on
November 8, 2024.

The clarification response you submitted on November 26, 2024, was not sufficient to establish
your right to receive return information exempt from disclosure under Exemption 3 in
conjunction with I.R.C. § 6103(a). If you are still seeking such information we invite you to
submit documentation to establish your identity and the identity of the requester, and satisfactory
proof that the requester is the current co-executor of the Estate of Harry Stonehill. A description
of acceptable records is provided below. If you do not provide acceptable documentation this
portion of your request will be denied because the scope of your request extends to records, to
the extent that any exist, that consist of or contain the return information of a third party.

Additionally, a portion of your request seeks recordkeeping information. As further described
below, in order to process this portion of your request we require clarification as to the records
sought.

(1) Two of the items in your request seek return information, as defined by I.R.C. § 6103(b)(2).
Specifically, you asked for:

> Item #1: A copy of all records and documents contained in IRS Stonehill boxes 17 and 83
> which the Director of the Washington National Records Center (WNRC),
> Christopher Pinkney, reported to IRS attorney, Helene Newcomb, [sic] in August
> 2021 "were stored in their appropriate locations at WNRC."

> Item #4: A copy of all documents withheld in *Stonehill v. IRS*, 534 F. Supp. 2d 1 (D.D.C.
> 2008) based on the IRS assertion of deliberative process privilege; Att. A.

- You must establish the identities of both Dr. Lenz and Mr. Heggestad.

    o   The certificate of identity is a Department of Justice (DOJ) form and is not acceptable proof for IRS purposes.

    o   Pursuant to Treas. Reg. § 601.702(c)(4)(iii) acceptable proof of identity includes:

        ➢  (1) The presentation of a single document bearing a photograph (such as a passport or identification badge), or the presentation of two items of identification which do not bear a photograph but do bear both a name and signature (such as a credit card or organization membership card), in the case of a request made in person,

        ➢  (2) The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or

        ➢  (3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.

- The request must establish Dr. Lenz's right to access the requested return information.

    o   Pursuant to Treas. Reg. § 601.503(d)(3)(i) you must provide proof that Dr. Lenz is the active executor of the Estate of Mr. Stonehill. Acceptable proof includes:

        ➢  Records from the probate authority of the canton appointing Dr. Lenz as the executor of the Estate of Mr. Stonehill. You must also provide a certified translation.

        ➢  Records from the probate authority of the canton showing that Dr. Lenz's authority is in full force and effect. You must also provide a certified translation.

(2) Your request also sought additional items. Specifically, you asked for:

    Item #2: A copy of all records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83, between January 1, 2018 and November 8, 2024, to or from the IRS, the DOJ Tax Division or the WNRC.

    Item #3: A copy of all records related to the current storage of Stonehill Boxes 17 and 83.

- To process this portion of your FOIA request, we need clarification on the scope of the request. Our initial evaluation is that this request overlaps significantly with the FOIA Request F19283-0060, the subject of litigation in *Stonehill v. IRS*, Docket No. 1:19-cv-03644-RDM (D. D.C.).

    o   Please clarify if you are you seeking the same records that were at issue in that litigation. If not, please explain what additional records you are seeking.

You also asked for a fee waiver for your request. A determination on your fee waiver request is premature. In order to address your fee waiver request, we require information about the purpose and use of the records sought in all four Parts of the Request. Specifically, your response should include information about how you will use the records to further the purposes of FOIA – public understanding of the operations of the agency. Please provide a response to the following questions and any other information you think would be helpful in order to evaluate your request:

- What is your interest in obtaining the records?
- How would the information in the records further that interest?
- How do you plan to convey the information you are requesting to the general public?
- How is the information in the public interest?

Send us your updated request and the information needed to further clarify your request and a copy of this letter within 35 days, January 22, 2025, or we will close your request with no further action. Please ensure the copy of this letter is on top of the correspondence to ensure proper processing of your request. The 20 business-day statutory response time does not begin until we receive the requested information per Title 5 USC Section 552 (a)(6)(A)(i). Fax your response to 877-891-6035 or mail to:

Internal Revenue Service
GLDS Support Services
Stop 93A
PO Box 621506
Atlanta, GA 30362

If you have questions regarding the processing of your FOIA request, please contact the caseworker assigned to your case at the phone number listed at the top of this letter. If you are not able to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaisons at 312-292-2929. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

Sincerely,

Y. Carvey
Disclosure Manager
Disclosure Office 07

# Exhibit 9(f)

January 3, 2025, 2024 letter from R. Heggestad to Y. D. Carvey



# NATIONAL
# ARCHIVES

January 17, 2025

Robert E. Heggestad
1701 Pennsylvania Ave., NW, Second Floor
Washington, DC 20006
202-729-6338
robert@reheggestad.com

<u>RE: Freedom of Information Act Request: NGC24-492</u>

Dear Mr. Heggestad:

This is in response to your Freedom of Information Act (FOIA) request received by NARA's
Office of General Counsel on August 8, 2024.  In an email dated August 12, 2024, you amended
your FOIA request.  Your request was assigned case number NGC24-492.  In your request you
stated:

> 1. All communications between Washington National Records Center ("Records Center")
> and representatives of the IRS, regarding Stonehill boxes 1-86 (89) between November 1,
> 2021 and August 8, 2024;
> 2. All OF-11 's from the IRS or the Tax Division requesting transfer of Stonehill boxes
> from Records Center and all records including the dates of transfer of each of the 86 (89)
> Stonehill boxes to the IRS or the Tax Division between November 1, 2021, and August 8,
> 2024;
> 3. All records related the transfer or refile of the 86 (89) Stonehill boxes by the IRS and
> to any individual who had access to the boxes or information related to the 86 boxes,
> including all OF-1 l's and refiles related to Boxes 1-86 from November 1, 2021 and
> August 8, 2024;
> 4. All communications to or from the Records Center related to the 86 Stonehill boxes
> between November 1, 2021 and August 8, 2024;
> 5. All communications from the Records Center to the IRS, or from the IRS to the
> WNRC including but not limited to communications with Helene Newsome and George
> Lassiter concerning the IRS Stonehill Boxes 86 (89) between November 1, 2021 and
> August 8, 2024;

6. All communications to or from Christopher Pinken regarding his conversation(s) with Helene Newsome, IRS Office of Chief Counsel, between November 1, 2021, and August 8, 2024, regarding the 86 (89) Stonehill IRS boxes;
7. All records related to the current storage of Stonehill Boxes 17 and 83;
8. All records related to the current storage of Stonehill Boxes 1-17, 18-82 and 84-86; and
9. All records and communications relating to the Department of Justice ("DOJ") possession of Stonehill IRS boxes referenced in the attached August 2, 2021 email from IRS Records Manager Anthoney Polumbo to Helene Newsome on August 2, 2021 from the time period January 1, 2018 through August 12, 2024 including the email from Sharon Neil referenced in the email and other related correspondence of when DOJ acquired the Stonehill tax files and when they were returned to NARA.

Following a search of our holdings, we did not locate records responsive to your FOIA request. This completes the processing of your FOIA request.

If the requester is not satisfied with our action on this request, you have the right to file an administrative appeal within ninety (90) calendar days from the date of this letter via regular U.S. mail or email. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. If you submit your appeal in paper writing, please address to the Deputy Archivist of the United States (ND), National Archives and Records Administration, 8601 Adelphi Road, College Park, Maryland 20740. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If you submit your appeal, electronically email, please send your letter to *foia@nara.gov*, also addressed to the Deputy Archivist of the United States. Please be sure to explain why you believe this response does not meet the requirements of the FOIA. All correspondence should reference your case tracking number **NGC24-492.**

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison Hannah Bergman for assistance at:

National Archives and Records Administration
8601 Adelphi Road, Room 3110
College Park, MD 20740-6001
301-837-1750
Ngc.foia.liaison@nara.gov

You may also contact the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, which offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is noted below:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road–OGIS
College Park, MD 20740-6001

ogis@nara.gov
ogis.archives.gov
202-741-5770 or toll-free 1-877-684-6448

Thank you for contacting the National Archives and Records Administration. If you have any questions or concerns, please feel free to contact me directly or our FOIA public liaison.

Sincerely,
Wanda Williams
Deputy FOIA Officer/Archivist
National Archives and Records Administration
301-837-0773 (Direct)
301-837-3642 FOIA Info Line
wanda.williams@nara.gov
Enclosure(s)

# Exhibit 9(g)

January 17, 2025, letter from NARA to R. Heggestad

# Robert E. Heggestad

1701 Pennsylvania Ave., N.W.,
Second Floor
Washington D.C. 20006
Tel. 202 733-6726
robert@reheggestad.com

January 3, 2025

**BY FASIMILE AND BY MAIL**
Y. Carvey
Internal Revenue Service
Privacy, Governmental Liaison and Disclosure
GLDS Support Services
Acting Disclosure Manager
Disclosure Office 07

Re:    **Harry S. Stonehill, Case No 2025-02800  FOIA request #2025-02800;
received 11/08/2024**

Dear Y. Carvey:

I received your December 18, 2024 letter by mail today, on January 3, 2025 (attached).

You initially responded to my November 8, 2024 FOIA request on November 15, 2024.
(attached) Your letter was addressed to my home address and was received on November 23,
2024. On November 25, 2024, I responded to your request that I "identify the records in enough
detail to enable us to locate them." (attached) I identified the previous location of the documents
at the Washington National Records Center ("WNRC"), accession no. 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 and provided
Mr. Stonehill's Taxpayer identification number for the second time. I informed you that I was
requesting all records related to Harry S. Stonehill in Boxes 17 and 18 stored at the WNRC as of
August 2021 and all records **related to the current location of Boxes 17 and 83** and any
transfer of boxes 17 and 83 **between January 1, 2018 and November 8, 2024.**

During my subsequent call from Ms. Jones who responded to my November 25, 2023
letter to you, we discussed the issues you raised related to the privacy release. I explained that
the necessary release documents were attached to the FOIA request. In response to her request,
on November 26, 2024, I also sent by facsimile a copy of the portion of the Will of Harry S.
Stonehill, appointing Dr. Lenze as the co-executor of the Estate, and a copy of the W-Form 30
describing the Stonehill files when they were transferred to the WNRC in May 2013. (attached)
In our discussion, I informed Ms. Jones that there is a litigation hold on all of the Stonehill
records pending resolution of any appeal filed in *Stonehill v, IRS*, Civ. A. No. 19-3644 (RDM)
and that pending completion of the processing of this FOIA request #2025-02800, that litigation
hold should remain in-tact.

In your letter dated December 18, 2024, you responded that my November 26, 2024

clarification was not sufficient to establish my right to receive return information exempt from disclosure under Exemption 3 in conjunction with §6103(a). You asked me to provide documentation to establish my "identity and the identity of the requestor and proof that Dr. Lenz is the current co-executor of the Estate of Harry S. Stonehill. As I explained to Ms. Jones, I represent Dr. Lenz as co-executor of the Estate of Harry S. Stonehill and Dr. Lenz's representation as co-executor of the Estate of Harry S. Stonehill has been approved in several ongoing FOIA cases, including current litigation with the IRS. *Stonehill v. IRS* Case 1:06-cv-00599-JDB ECF No. 84 Order Filed 11/05/24.

Your request that I establish my identity is frivolous and an obvious effort to further delay processing of the FOIA request. As you are aware, the original November 8, 2024 FOIA request was filed on the IRS portal. Prior to using the portal, I was required to submit verification and to have a video interview with the IRS. I am attaching a copy of the IRS approval of my identity and the subsequent acknowledgement by the IRS of receipt of the November 8, 2024 FOIA request.

Finally, you stated that to address the fee waiver request, I needed to provide information to show how the use of the records will further the purpose of the FOIA-public understanding of the operation of the agency. This information was provided to the Court in *Stonehill v. IRS*, Civ. A. No. 19-3644 (RDM)(D.D.C.) On 12/4/23, the Court approving the award of attorney's fees and costs based on its finding that there is a public interest in the records sought as related to Boxes 17 and 83.

I expect to receive a final response from the IRS approving this request by the close of the January 22, 2025 deadline you imposed in your letter or I will consider the request denied.

Very sincerely,

Robert E. Heggestad

2

# Exhibit 9(h)

January 22, 2025, Final Response letter from Y. Carvy to R. Heggestad

 **Department of the Treasury
Internal Revenue Service
Privacy, Governmental Liaison and
Disclosure
GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Robert Heggestad
1701 Pennsylvania Avenue, N.W.
Second Floor
Washington, DC  20006

**Date:**
January 22, 2025
**Employee name:**
J. Carrion
**Employee ID number:**
1003230699
**Telephone number:**
787-522-1830
**Fax number:**
855-203-7004
**Case number:**
2025-02800
**Re: Harry S. Stonehill**

Dear Robert Heggestad:

This is a final response to your Freedom of Information Act (FOIA) request we received on
November 8, 2024.

We received your clarification response on January 3, 2025.

(1) Two of the items in your request seek return information, as defined by I.R.C. § 6103(b)(2).
Specifically, you asked for:

> Item #1: A copy of all records and documents contained in IRS Stonehill boxes 17 and 83
> which the Director of the Washington National Records Center (WNRC),
> Christopher Pinkney, reported to IRS attorney, Helene Newcomb, [sic] in August
> 2021 "were stored in their appropriate locations at WNRC."

> Item #4: A copy of all documents withheld in *Stonehill v. IRS*, 534 F. Supp. 2d 1 (D.D.C.
> 2008) based on the IRS assertion of deliberative process privilege; Att. A.

This portion of your request is being denied because the scope of your request extends to
records, to the extent that any exist, that consist of or contain the return information of Mr. Harry
Stonehill, a third party. Please be advised that such records, to the extent that they exist, would
be confidential and may not be disclosed unless specifically authorized by law. FOIA subsection
(b)(3) requires the withholding of records that are specifically exempted from disclosure
pursuant to a statute other than the FOIA. Section 6103 of Title 26, which consists of detailed
provisions that concern the disclosure of returns and return information, has been held to be a
statute meeting the criteria of FOIA subsection (b)(3). Specifically, 26 U.S.C § 6103 prohibits
the release of returns and return information unless disclosure is authorized by Title 26. As your
request asks for third party return information and you have failed to demonstrate that any of the
exceptions to the confidentiality provisions of section 6103 allow for disclosures of this third
party's return information to you and Dr. Lenz, exemption (b)(3) is being asserted in conjunction
with 26 U.S.C. section 6103(a) to withhold from you the return information, to the extent such
records exist, of a third party.

You stated in your clarification response that "Dr. Lenz's representation as co-executor of the Estate of Harry S. Stonehill has been approved in several ongoing FOIA cases, including current litigation with the IRS. *Stonehill v. IRS*, Case 1:06-cv-00599-JCB ECF No. 84 Order Filed 11/05/2024." We disagree with your interpretation of the district court's order in that case. Moreover, you must provide documentation to establish Dr. Lenz's identity and his right to access the requested return information. Pursuant to Treas. Reg. § 601.702(c)(4)(iii) acceptable proof of identity includes:

(1) The presentation of a single document bearing a photograph (such as a passport or identification badge), or the presentation of two items of identification which do not bear a photograph but do bear both a name and signature (such as a credit card or organization membership card), in the case of a request made in person,

(2) The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or

(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.

In addition to establishing Dr. Lenz's identity, you must establish his right to access the requested return information. The records you have cannot be reasonably relied on and are not sufficient under the Regulations. Pursuant to Treas. Reg. § 601.503(d)(3)(i) you must provide proof that Dr. Lenz is the active executor of the Estate of Mr. Stonehill. Acceptable proof includes:

➢ Records from the probate authority of the canton appointing Dr. Lenz as the executor of the Estate of Mr. Stonehill. You must also provide a certified translation if those records are not in English.

➢ Records from the probate authority of the canton showing that Dr. Lenz's authority is in full force and effect. You must also provide a certified translation if those records are not in English.

Because you did not provide any of the above documents to establish Dr. Lenz's identity, this portion of your request is denied.

(2) Your request also sought additional items. Specifically, you asked for:

Item #2: A copy of all records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83, between January 1, 2018 and November 8, 2024, to or from the IRS, the DOJ Tax Division or the WNRC.

We searched for, and located, 5 pages responsive to your request.

Of the 5 pages located in response to your request, we're enclosing 5 pages. We're withholding the 5 pages in full. Redacted portions of each page are marked by the applicable FOIA exemptions which are described below:

FOIA exemption (b)(5) exempts from disclosure inter or intra-agency memorandums which wouldn't be available by law to parties other than those in litigation with the agency. The exemption privileges covered in this response are:

- ☐ The deliberative process privilege, which protects documents that reflect the pre-decisional opinions and deliberations on legal or policy matters.

- X The attorney work product privilege, which protects materials prepared in reasonable anticipation of litigation by an attorney or other Service employee.

- ☐ The attorney-client privilege, which protects confidential communications between an attorney and a client relating to a legal matter for which the client has sought professional advice.

While reviewing the responsive records and applying FOIA exemptions to withheld records, we considered that there is either a foreseeable harm in releasing withheld information, or the information is prohibited from being released by law.

Item #3: A copy of all records related to the current storage of Stonehill Boxes 17 and 83.

The records you requested are not IRS agency records but may be available from another federal agency with responsibilities under the FOIA. The records you seek appear to be records of National Archives and Records Administration (NARA). We suggest you submit your request to that agency. IRS has no control of the records you are seeking. Therefore, we are closing this portion of your request without taking any further actions.

We are also denying your fee waiver request. We invited you to provide additional information in order for us to consider the request. In your clarification response, you stated, "This information was provided to the Court in *Stonehill v. IRS*, Civ. A. No. 19-3644 (RDM) (D.D.C.). On 12/4/23, the Court approve the award of attorney's fees and costs based on its finding that there is a public interest in the records sought as related to Boxes 17 and 83." We think your reliance on the prior award of attorney fees is misplaced. The Court stated, "I think that there is some public interest, and *I don't think it's an overwhelming public interest by any means*." *Stonehill v. IRS*, Docket No. 19-3644, ECF 67 (transcript) (D.D.C.) (emphasis added).

The standard for a fee waiver under FOIA is not the standard that is used by a court to award attorney fees. *Compare* 5 U.S.C. § 552(a)(4)(A)(iii) *with* 5. U.S.C. § 552(a)(4)(E)(i). An agency should waive applicable search, duplication, or review fees only where "disclosure of the information is in the public interest because it is likely to *contribute significantly* to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii) (emphasis added).

A request for a fee waiver "must be made with reasonable specificity and based on more than conclusory allegations." *See Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (quotation marks and internal citations omitted). Because you have not provided the additional clarification requested and we are denying your fee waiver request at this time.

Note, your request Item #2 resulted in 5 pages, so we are not charging a fee with respect to that portion of your request.

If you have questions regarding the processing of your FOIA request, please contact the caseworker assigned to your case at the phone number listed at the top of this letter.

If you are not able to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaisons at 312-292-2929. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road--OGIS
> College Park, MD 20740-6001
> 202-741-5770
> 877-684-6448
> ogis@nara.gov
> ogis.archives.gov

You have the right to file an administrative appeal within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt from the Freedom of Information Act - 5 U.S.C. 552, to explain your appeal rights.

Your decision to contact the FOIA Public Liaison or OGIS for assistance resolving your dispute does not extend the 90-day period in which you can file an appeal.

Sincerely,

Y. Carvey
Disclosure Manager
Disclosure Office 07

Enclosure (2)
 Responsive records
 Notice 393

Page 1

Withheld pursuant to exemption

(b)(5) Deliberative Process Privilege

of the Freedom of Information and Privacy Act

Page 2

Withheld pursuant to exemption

(b)(5) Deliberative Process Privilege

of the Freedom of Information and Privacy Act

Page 3

Withheld pursuant to exemption

(b)(5) Deliberative Process Privilege

of the Freedom of Information and Privacy Act

Page 4

Withheld pursuant to exemption

(b)(5) Deliberative Process Privilege

of the Freedom of Information and Privacy Act

Page 5

Withheld pursuant to exemption

(b)(5) Deliberative Process Privilege

of the Freedom of Information and Privacy Act

# Exhibit 9(i)

January 23, 2025, Appeal letter from R. Heggestad

# Robert E. Heggestad

1701 Pennsylvania Ave., N.W.,
Second Floor
Washington D.C. 20006
Tel. 202 733-6726
robert@reheggestad.com

January 23, 2025

**VIA Certified Mail and Regular Mail**
IRS Appeals
Attention: FOIA Appeals
M/Stop 55202
3211 S. Northpoint Drive
Fresno, California  93725

Re:    **Freedom of Information Act Appeal**
       **FOIA Request No.  2025-02800**

Dear Sir/Madame:

      This is an appeal of the January 22, 2025 letter from letter from Y. Carvy, Disclosure
Manager, advising me that that item 1 of my November 8th 2024 FOIA request and Item #2 seek
return information, as defined by I.R.C. §6103(b)(2). (Attached ) Item #1 sought a copy of all
records and documents contained in IRS Stonehill boxes 17 and 83, which the Director of the
Washington National Record Center (WNRC), Christopher Pinkey, reported to IRS attorney,
Helen Newcomb in August 2021 "were stored in their appropriate locations at WNRC" and Item
#4 requested a copy of all documents withheld in *Stonehill v. IRS*, 543 F. Sup. 2d. (DDC 2008)
based on the IRS assertion of deliberative process privilege,

      This portion of my request was denied because "the scope of my request extends to
records, to the extent that any exists, that consist of or contain the return information of Harry
Stonehill, a third party." I was further advised that these documents would be confidential and
that I had failed to demonstrate that any of the exceptions to the confidentiality provisions of
section 6103 allow for disclosures of this third party return information to Dr. Lenz, or the
Estates attorney.

      The appeals decision stated that the appointment of Dr. Lenz in several ongoing FOIA
cases, including current litigation with the IRS, Stonehill v. IRS, does not establish Dr. Lenz's
identity and his right to access the requested return information and that "proof that Dr. Lenz is
the active executor of the Estate of Mr. Stonehill" was not provided. Based on the IRS claim that
documents were not submitted to establish Dr. Lenz's identity, this portion of the request was
denied.

      With respect to Item 2, "a copy of all records related to the current location of boxes 17
and 83 and any transfer of Boxes 17 and 83 between January 1, 2018 and November 8, 2024 to

or from the IRS , the Tax Division or the WNRC," the IRS located 5 pages of documents that are being withheld based on attorney work product privilege, to protect materials prepared in reasonable anticipation of litigation by an attorney or other Service employee."

Finally, with respect to Item 3 which requested a copy of all records related to the current storage of Stonehill Boxes 17 and 83, the Final Decision states that these are not IRS records and that an FOIA request must be filed with NARA, because the "IRS has no control of the records you are seeking." The IRS also denied a waiver of fee request, because there was not sufficient public interest contrary to the Court's findings in Stonehill v. IRS, Civ. A. No. 19-3644 (RDM)(D.D.C.)

I have previously responded to these baseless claims on November 25, 2024, November 26, 2024 and January 3, 2025. (Attached) The previous requests and the Final Decision are frivolous attempts to further delay the production of documents which were initially requested by Mr. Stonehill on July 10, 1998.

Very sincerely,

Robert E. Heggestad

# Exhibit 9(j)

January 23, 2025, IRS report FOIA "closed"

## Robert Heggestad

| | |
|---|---|
| **From:** | noreplyirspublicaccessportal@ains.com |
| **Sent:** | Thursday, January 23, 2025 8:22 AM |
| **To:** | Robert Heggestad |
| **Subject:** | Status Update for Request #2025-02800 |

Dear Robert Heggestad,

The status of your FOIA request #2025-02800 has been updated to the following status: 'Closed'. To sign in to the IRS FOIA Public Access Portal click on the Application URL below.

https://foiapublicaccessportal.for.irs.gov

If you need information regarding your FOIA request, please contact the Disclosure caseworker assigned to your request. They can be reached using the messaging feature within the IRS FOIA Public Access Portal or by calling them on the telephone number provided in the FOIA correspondence you may have received.

**Please do not reply to this message. Replies to this message go to an unmonitored mailbox.**

Regards,

Internal Revenue Service

# Exhibit 9(k)

January 25, 2025, IRS affirmed denial of Stonehill appeal

# Robert E. Heggestad

1701 Pennsylvania Ave., N.W.,
Second Floor
Washington D.C. 20006
Tel. 202 733-6726
robert@reheggestad.com

January 23, 2025

**VIA Certified Mail and Regular Mail**
IRS Appeals
Attention: FOIA Appeals
M/Stop 55202
3211 S. Northpoint Drive
Fresno, California  93725

Re:    **Freedom of Information Act Appeal**
       **FOIA Request No.  2025-02800**

Dear Sir/Madame:

This is an appeal of the January 22, 2025 letter from letter from Y. Carvy, Disclosure Manager, advising me that that item 1 of my November 8th 2024 FOIA request and Item #2 seek return information, as defined by I.R.C. §6103(b)(2). (Attached ) Item #1 sought a copy of all records and documents contained in IRS Stonehill boxes 17 and 83, which the Director of the Washington National Record Center (WNRC), Christopher Pinkey, reported to IRS attorney, Helen Newcomb in August 2021 "were stored in their appropriate locations at WNRC" and Item #4 requested a copy of all documents withheld in *Stonehill v. IRS*, 543 F. Sup. 2d. (DDC 2008) based on the IRS assertion of deliberative process privilege,

This portion of my request was denied because "the scope of my request extends to records, to the extent that any exists, that consist of or contain the return information of Harry Stonehill, a third party." I was further advised that these documents would be confidential and that I had failed to demonstrate that any of the exceptions to the confidentiality provisions of section 6103 allow for disclosures of this third party return information to Dr. Lenz, or the Estates attorney.

The appeals decision stated that the appointment of Dr. Lenz in several ongoing FOIA cases, including current litigation with the IRS, Stonehill v. IRS, does not establish Dr. Lenz's identity and his right to access the requested return information and that "proof that Dr. Lenz is the active executor of the Estate of Mr. Stonehill" was not provided. Based on the IRS claim that documents were not submitted to establish Dr. Lenz's identity, this portion of the request was denied.

With respect to Item 2, "a copy of all records related to the current location of boxes 17 and 83 and any transfer of Boxes 17 and 83 between January 1, 2018 and November 8, 2024 to

or from the IRS , the Tax Division or the WNRC," the IRS located 5 pages of documents that are being withheld based on attorney work product privilege, to protect materials prepared in reasonable anticipation of litigation by an attorney or other Service employee."

Finally, with respect to Item 3 which requested a copy of all records related to the current storage of Stonehill Boxes 17 and 83, the Final Decision states that these are not IRS records and that an FOIA request must be filed with NARA, because the "IRS has no control of the records you are seeking." The IRS also denied a waiver of fee request, because there was not sufficient public interest contrary to the Court's findings in Stonehill v. IRS, Civ. A. No. 19-3644 (RDM)(D.D.C.)

I have previously responded to these baseless claims on November 25, 2024, November 26, 2024 and January 3, 2025. (Attached) The previous requests and the Final Decision are frivolous attempts to further delay the production of documents which were initially requested by Mr. Stonehill on July 10, 1998.

Very sincerely,

Robert E. Neggestad

# Exhibit 9(k)

February 25, 2025, IRS denial of Stonehill FOIA Appeal

 **Department of the Treasury
Internal Revenue Service
Independent Office of Appeals**
701 B Street
Suite 900
San Diego, CA 92101-8180

Date:
2/25/2025
Person to contact:
Krystal K Santos
Re:
Freedom of Information Act
FOIA number:
F2025-02800

ROBERT E HEGGESTAD
1701 PENNSYLVANIA AVENUE N.W.
SECOND FLOOR
WASHINGTON, DC 20006

Dear Robert E Heggestad:

We received your January 23, 2025 Freedom of Information Act (FOIA) appeal in our office on January 27, 2025.

The November 8, 2025 letter requested documents to include 1) All records and documents contained in IRS Stonehill boxes 17 and 83 which the Director of the Washington National Records Center ("WRNC"), Christopher Pinkney reported to IRS attorney Helene Newcomb in August 2021 "were stored in their appropriate locations at WRNC."
2) All records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83 between January 1, 2018 and November 8, 2024 to or from the IRS, the Department of Justice Tax Division or the Washington National Records Center ("WRNC");
3) All records related to the current storage of Stonehill boxes 17 and 83;
4) All documents withheld in Stonehill v. IRS, 524 F. Supp. 2d 1 (D.D.C. 2008) based on the IRS assertion of deliberative process privilege; Att. A. .

The Disclosure Specialist, J. Carrion , denied your request for denied your request for Items #1 and #4 to the extent that any exist, that consist or contain the return information of a third party per 26 U.S.C. § 6103 exemption (b)(3) prohibits the release of returns and return information unless authorized by Title 26. Also, in response to Item #2 the 5 pages located were redacted based on FOIA exemption (b) (5) as they are covered under attorney work product privilege. Your request for Item #3 was denied as the IRS has no control of the records you are seeking and you will need to contact another federal agency to make this request to the National Archives and Records Administration (NARA).

Your appeal argues that you challenge the denial of the documents because regarding the adequacy of search and the identification of documents.

We reviewed the response from the Disclosure Office and determined it was appropriate under the circumstances regarding the adequacy of search and the identification of documents.

It's appropriate because were unable to identify yourself as the taxpayer in such listed documents and did not meet the exceptions to the confidentiality provisions of section 6103 to allow for disclosures of this third party return information. Therefore, the documents were redacted in full met the necessary criteria for withholding based on the listed exemptions above.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and the Office of Disclosure as a non-exclusive alternative to litigation. The Independent Office of Appeals (Appeals) isn't a part of this mediation process.

Using OGIS services doesn't affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS doesn't have the authority to handle requests made under the Privacy Act of 1974. If you disagree with the Appeals determination and wish to pursue mediation, you may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Email: OGIS@nara.gov
Web: **Archives.gov/OGIS**
Telephone: 202-741-5770
Facsimile: 202-741-5769
Toll-free: 1-877-684-6448

The FOIA requires us to advise you of the judicial remedies granted in the Act.

You may file a complaint in United States District Court in the District of Columbia, or where:

• you reside
• you have your principal place of business
• agency records are located

Sincerely,

Digitally signed by Megan A.
Harris
Date: 2025.02.25 10:36:54
-08'00'

Megan A Harris
Appeals Team Manager

Enclosures:

IRS Survey