**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DR. PATRICK LENZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01086-RDM |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

**Table of Contents**

BACKGROUND ................................................................................................................... 1

ARGUMENT....................................................................................................................... 6

  A. The Amended Complaint should be dismissed because Plaintiff lacks statutory standing..... 6

  B. The Amended Complaint should be dismissed because Plaintiff lacks the capacity to sue. .. 8

  C. Prior decisions allowing Dr. Lenz to be substituted as plaintiff do not govern this case...... 11

CONCLUSION.................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Aguirre v. City of San Antonio*,
   995 F.3d 395 (5th Cir. 2021) .................................................................................................7

*Architectural Body Rsch. Found. v. Reversible Destiny Found.*,
   335 F. Supp. 3d 621 (S.D.N.Y. 2018).....................................................................................7

*Call Assocs., Inc. v. Nat'l Insts. of Health, et al.*,
   579 F.2d 1155 (9th Cir. 1978) ...............................................................................................7

*Est. of Laffoon v. Christianson*,
   Civ. A. No. 11-0255, 2011 WL 1743645 (E.D. Cal. Feb. 22, 2011) .......................................8

*Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
   693 F. Supp. 2d 4 (D.D.C. 2010) ...........................................................................................9

*Est. of Scherban v. Suntrust Bank*,
   Civ. A. No. 15-1966 (JEB), 2016 WL 777913 (D.D.C. Feb. 26, 2016) ..............................7, 9

*Jackson v. City of Cleveland*,
   Civ. A. No. 15-0989, 2015 WL 6163510 (N.D. Ohio Oct. 20, 2015) .....................................8

*Lenz v. Central Intelligence Agency*,
   No. 1:20-cv-03327 (RCL), ECF No. 68 (D.D.C. Jan. 3, 2024) .............................................12

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014)................................................................................................................6

*Mwani v. Al Qaeda*,
   No. 99-125 (JMF), 2014 WL 4749182 (D.D.C. Sept. 25, 2014)..............................................8

*Nat'l Assoc. of Homebuilders v. E.P.A.*,
   786 F.3d 34 (D.C. Cir. 2015) ................................................................................................12

*Nissho-Iwai American Corp. v. Kline*,
   845 F.2d 1300 (5th Cir. 1988) ..............................................................................................10

*NLRB v. SW Gen., Inc.*,
   580 U.S. 288 (2017).............................................................................................................6, 7

*Reed v. Dep't of Navy*,
   899 F. Supp. 2d 25 (D.D.C. 2012) ........................................................................................11

*Roy v. Ivy*,
   53 F.4th 1338 (11th Cir. 2022) .............................................................................................10

*In re Seegers*,
   No. 09-0641, 2009 WL 2883019 (D.C. Bankr. 2009) ..............................................................7

*Sinito v. Department of Justice*,
   176 F.3d 512 (D.C. Cir. 1999) ...............................................................................................8

*Stonehill v. FBI*,
   No. 20-cv-1445 (AMP), ECF No. 66 (D.D.C. Jan 12, 2023) .................................................11

*Stonehill v. Internal Revenue Serv.*,
   No. 06-0599 (JDB), 2024 WL 4679128 (D.D.C. Nov. 5, 2024) .......................................3, 11

*Stonehill v. IRS*,
   534 F. Supp. 2d. 1 (D.D.C. 2008) ......................................................................................1, 3

*Stonehill v. Nat'l Archives & Records Admin.*,
   No. 1:22-cv-3391 (CJN), 2024 WL 4286105 (D.D.C. Sept. 25, 2024)..................................11

*Stonehill v. U.S. Dep't of Justice Tax Div.*,
   No. 1:19-cv-03770-RC (D.D.C. Feb. 18, 2024) ...................................................................12

*In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*,
   439 F.3d 740 (D.C. Cir. 2006) ..............................................................................................11

*Synanon Church v. United States*,
   820 F.2d 421 (D.C. Cir. 1987) ..............................................................................................12

*Taylor v. Sturgell*,
   553 U.S. 880 (2008)..............................................................................................................11

*Urb. Fin. of Am., LLC v. Est. of Mercado-Otero*,
   Civ. A. No. 15-2182, 2017 WL 11607782 (D.P.R. Aug. 28, 2017) ........................................7

*Yamaha Corp. of Am. v. United States*,
   961 F.2d 245 (D.C. Cir. 1992) ..............................................................................................11

**Statutes**

5 U.S.C. § 551(2) ............................................................................................................................6

5 U.S.C. § 552(a)(3)(A) ..................................................................................................................6

26 U.S.C. § 6103 ............................................................................................................................3

28 U.S.C. 1746................................................................................................................................4

28 U.S.C. § 1738.............................................................................................................................9

28 U.S.C. § 1746............................................................................................................................10

Schweizerisches Zivilgesetzbuch [ZGB], Code Civil [CC], Dec. 10, 1907, SR 210 (Switz.)..........................................................................................................................10

D.C. Code § 20-341 ...............................................................................................................9

D.C. Code § 20-342 ...............................................................................................................9

**Other Authorities**

33 C.J.S. Executors and Administrators § 2 .........................................................................8

Estate, Black's Law Dictionary (12th ed. 2024)...................................................................8

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 13

Fed. R. Civ. P. 17..............................................................................................................1, 9

Fed. R. Civ. P. 17(a) ..............................................................................................................7

Fed. R. Civ. P. 17(b) ..............................................................................................................9

Treas. Reg. § 601.503(d)(3)(i) ..............................................................................................4

Treas. Reg. § 601.702(c)(4)(iii) ............................................................................................3

Treas. Reg. § 601.702(c)(4)(iii), and (2)...............................................................................5

Defendant Internal Revenue Service, through the undersigned counsel, moves to dismiss the Amended Complaint brought by Plaintiff Dr. Patrick Lenz, who asserts that he is the "Co-Executor and Co-Special Administrator" of the estate of Harry S. Stonehill.  Because the Freedom of Information Act does not include estates in its definition of the entities that may submit FOIA requests, Plaintiff lacks statutory standing to file this suit.  Moreover, Plaintiff lacks the capacity to sue under Fed. R. Civ. P. 17.  For these reasons, the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

The history of the litigation between the parties in this suit originated with Harry S. Stonehill.  In 1962, the Service conducted a series of raids on Mr. Stonehill's business offices in the Philippines as part of its investigation into his tax liabilities.  *Stonehill v. IRS*, 534 F. Supp. 2d. 1, 2 (D.D.C. 2008).  After nearly two decades of litigation, this investigation resulted in a tax judgment of $17.6 million against Mr. Stonehill and his business associate.  *Id.*  Beginning in 1998, Mr. Stonehill or alleged representatives of his estate have filed numerous FOIA requests related to the investigation.  Am Compl. ¶ 5, 14, 30, 40, 59, 77; *see also Stonehill*, 534 F. Supp. 2d. at 2-3.  These requests often describe the records sought not in terms of the contents of the records, but in terms of the boxes in which they have been stored.  Am. Compl. at 2-3.

Mr. Stonehill passed away on March 20, 2002.  Am. Compl. ¶ 22.[1]  After his death, Plaintiff provided an excerpt from a handwritten will, purportedly executed by Mr. Stonehill.  Ex. 9 at 48-49 (ECF No. 1-13).  The will indicated that the following executors would serve in this order: "First Appointees: Atty Jacques Meuwly and my wife Pauline (Dale) Stonehill"; "Second

---

[1] Although the Amended Complaint references Plaintiff's exhibits, Plaintiff did not refile the exhibits with the Amended Complaint.  Thus, Exhibits 1 through 9 are located at Docket No. 1.  Exhibit 10 was filed with the Amended Complaint and is located at Docket No. 12.

Appointee: Dr. Patrick Lenz"; "Third Appointee: Elizabeth Thompson Stonehill." *Id.* at 48. The

will bears a partially legible stamp reading, in part, "de Troistorrents." *Id.* at 49. Plaintiff alleges

that Mr. Meuwly resigned his position as executor in 2005, and that Dr. Lenz accepted the position

of co-exectuor on June 13, 2007. Am. Compl. ¶¶ 25-26; Ex. 4 at 6 (ECF No. 1-8). Because Dr.

Lenz has never taken action to close the estate, Plaintiff contends, the estate is still active in

Switzerland. Am. Compl. ¶ 27. In support of this contention, Plaintiff has submitted two letters

from Dr. Lenz, addressed to his counsel, Robert Heggestad. Both letters lack a notary stamp or

other official seal, and neither are signed under penalty of perjury. The first letter, dated October

15, 2018, states:

> There is no prescription for successions (i.e. time limits to close an estate) according to Swiss law unless there is a repudiation of the inheritance by the heirs which is not the case regarding Harry Stonehill's estate. To make sure I called the district court of Monthey (Monthey is in charge of Troistorrents, the town where Harry had his domicile). They hold no record about Harry and/or his succession at all and would not be expected to have a record unless there had been a repudiation of the Estate by an heir. As a Co-Executor of the Estate of Harry S. Stonehill, I have never taken any action to close the Estate. Unless my co-executor, Pauline Stonehill, or the previous co-executor, Jacques Meuwly have taken actions (that I am not aware of) to close the Estate, the Estate is still active in Switzerland.

Ex. 4 at 8. Plaintiff also submitted a letter from Dr. Lenz dated December 28, 2023. Ex. 9 at 37.

This brief letter states:

> I hereby confirm that I have no intention to resign as co-executor of the Stonehill estate nor have I taken any action to close the estate. According to Swiss law there is no limitation period (prescription) for successions unless there is a repudiation of the inheritance by the heirs which there is not in this case."

*Id.*

After Mr. Stonehill's death, Ms. Stonehill subsequently took responsibility for litigating a

number of cases concerning Mr. Stonehill's tax liabilities and related FOIA requests. Ms. Stonehill

herself passed away on October 23, 2023.  *Stonehill v. Internal Revenue Serv.*, No. 06-0599 (JDB), 2024 WL 4679128, at *1 n.1 (D.D.C. Nov. 5, 2024).

Of the numerus FOIA requests mentioned in the Complaint, only two are at issue here.  Dr. Lenz filed the first of these requests on November 8, 2024, seeking the following records:

> 1.      All records and documents contained in IRS Stonehill boxes 17 and 83 which the Director of the Washington National Records Center ("WNRC"), Christopher Pinkney reported to IRS attorney Helene Newcomb in August 2021 "were stored in their appropriate locations at WNRC."
>
> 2.      All records related to the current location of boxes 17 and 83 and any transfer of boxes 17 and 83 between January 1, 2018 and November 8, 2024 to or from the IRS, the Department of Justice Tax Division or the Washington National Records Center . . . ;
>
> 3.      All records related to the current storage of Stonehill Boxes 17 and 83; and
>
> 4.      All documents withheld in *Stonehill v. IRS*, 534 F. Supp. 2d 1 (D.D.C. 2008) based on the IRS assertion of deliberative process privilege . . . .

Ex. 9 at 3-4.  IRS Disclosure Manager Y. Carvey provided interim responses to this FOIA request on November 15, 2024 and December 18, 2024.  *Id.* at 41-42, 52-54.  Noting that Items 1 and 4 of Dr. Lenz's request sought return information as defined by 26 U.S.C. § 6103, Y. Carvey emphasized that Dr. Lenz was required to establish the identities of both himself and Mr. Heggestad.  *Id.* at 52.  Y. Carvey further explained that per Treas. Reg. § 601.702(c)(4)(iii), acceptable proof of identity included:

> (1) The presentation of a single document bearing a photograph (such as a passport or identification badge), or the presentation of two items of identification which do not bear a photograph but do bear both a name and signature . . . , in the case of a request made in person,
>
> (2) The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or

3

(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.

*Id.* at 53.  Y. Carvey also informed Dr. Lenz that Dr. Lenz was required to establish his right to access the requested return information by proving that he was the active executor of Mr. Stonehill's estate.  *Id.*  Y. Carvey noted that pursuant to Treas. Reg. § 601.503(d)(3)(i), acceptable proof included (1) "[r]ecords from the probate authority of the canton appointing Dr. Lenz as the executor of the Estate of Mr. Stonehill" and (2) "[r]ecords from the probate authority of the canton showing that Dr. Lenz's authority is in full force and effect."[2]  *Id.*

In response to Y. Carvey's requests, Dr. Lenz submitted the following documents:

- **U.S. Department of Justice Form DOJ-361,** *Certificate of Identity* **(Ex. 9 at 22)** – This form lists the name of the requestor as "Harry S. Stonehill, Deceased."  It is executed by Dr. Lenz on November 6, 2024, and it purports to authorize the release of information to Mr. Heggestad.  As Y. Carvey later informed Dr. Lenz, Form DOJ-361 "is a Department of Justice (DOJ) form and is not acceptable proof for IRS purposes."  Ex. 9 at 53.

- **IRS Form 56,** *Notice Concerning Fiduciary Relationship* **(Ex. 9 at 23-24)** – Section A of this form asks the individual to specify the authority for the fiduciary relationship.  Options included "court appointment of testate estate (valid will exists)"; "Court appointment of intestate estate (no valid will exists)"; and

---

[2] Treas. Reg. § 601.503(d)(3)(i) states:  "In the case of a deceased taxpayer, a form 56, 'Notice Concerning Fiduciary Relationship,' should be filed by the executor, personal representative or administrator if one has been appointed and is responsible for disposition of the matter under consideration. Internal Revenue Service officials may require the submission of a short-form certificate (or authenticated copy of letters testamentary or letters of administration) showing that such authority is in full force and effect at the time the form 56, 'Notice Concerning Fiduciary Relationship,' is filed."

"Fiduciary of intestate estate."  Rather than selecting one of these options, Dr. Lenz wrote in: "Appointed by Harry Stonehill as Co-executor and Co-[Administrator] of his last will and Testament June 26, 2001."

- **IRS Form 2848,** *Power of Attorney and Declaration of Representative* **(Ex. 9 at 25-26)** – This form lists Mr. Stonehill as the taxpayer, lists Mr. Heggestad as the representative, and was executed by Dr. Lenz on November 6, 2024.

- **IRS Form 8821,** *Tax Information Authorization* **(Ex. 9 at 27)** – Like Form 2848, this form lists Mr. Stonehill as the taxpayer, lists Mr. Heggestad as the representative, and was executed by Dr. Lenz on November 6, 2024.

The Service issued a final determination on Dr. Lenz's FOIA request on January 22, 2025. Ex. 9 at 63-67.  This final determination stated that the Service was denying Items #1 and #4 because any records responsive to the request were protected from disclosure by § 6103:

> Section 6103 of Title 26, which consists of detailed provisions that concern the disclosure of returns and return information, has been held to be a statute meeting the criteria of FOIA subsection (b)(3).  Specifically, 26 U.S.C. 6103 prohibits the release of returns and return information unless disclosure is authorized by Title 26. As your request asks for third party return information and you have failed to demonstrate that any of the exceptions to the confidentiality provisions of section 6103 allow for disclosures of this third party's return information to you and Dr. Lenz, exemption (b)(3) is being asserted in conjunction with 26 U.S.C. section 6103(a) to withhold from you the return information, to the extent such records exist, of a third party.

*Id.* at 63.  As with the Service's previous correspondence, the final determination also outlined acceptable documentation Dr. Lenz could submit (1) to establish his identity and right to access the requested return information pursuant to Treas. Reg. § 601.702(c)(4)(iii), and (2) establish that Dr. Lenz was the active executor of the estate of Mr. Stonehill.  *Id.* at 64.  Turning to Item 2 of the request, the Service located five pages responsive to the request and released them to Dr. Lenz with redactions.  *Id.* at 65.  Finally, the Service indicated that the records sought by Item 3 of the

request were "not IRS agency records but may be available from another federal agency with responsibilities under the FOIA." *Id.* Mr. Stonehill filed an administrative appeal on January 23, 2025, which the Service subsequently denied. *Id.* at 79-80, 82-83.

On April 8, 2025, Dr. Lenz filed the second FOIA request at issue in this case. Ex. 10 at 3-4 (ECF No. 12-2). This request seeks "all documents contained in Stonehill IRS Boxes 77A, 77B, 22, 25, 4, 36, and 36A and all communications related to a September 22, 2022 email from IRS Records Manager Anthony Polumbo to Helen Newson." Am. Compl. § 77; Ex. 10. To date, the Service has not responded to this FOIA request.

## ARGUMENT

**A. The Amended Complaint should be dismissed because Plaintiff lacks statutory standing.**

A plaintiff only has statutory standing if they "fall[] within the class of plaintiffs whom Congress has authorized to sue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). Here, the relevant legislation is the FOIA, which provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any *person*." 5 U.S.C. § 552(a)(3)(A) (emphasis added). The word "'person' includes an individual, partnership, corporation, association, or public or private organization other than an agency[.]" 5 U.S.C. § 551(2). Because the FOIA does not include an estate in its definition of a person, an individual cannot submit a FOIA request on behalf of an estate.

The exclusion of estates from this definition is significant. Under the cannon *expressio unius est exclusio alterius*, "expressing one item of [an] associated group or series excludes another left unmentioned." *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017). As explained by the

6

Supreme Court, "If a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." *Id.* Of course, "[t]he force of any negative implication . . . depends on context." *Id.* (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)). "The *expressio unius* canon applies only when 'circumstances support[] a sensible inference that the term left out must have been meant to be excluded.'" *Id.* (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002)).

In this case, the *expressio unius* canon indicates that, while an individual can submit a request on behalf of a "partnership, corporation, association, or public or private organization other than an agency," an individual cannot submit a request on behalf of an estate under the FOIA.[3] The context supports this omission because an estate, generally, is not a legal entity. *See Est. of Scherban v. Suntrust Bank*, Civ. A. No. 15-1966 (JEB), 2016 WL 777913, at *1 (D.D.C. Feb. 26, 2016) ("It is true that under Fed. R. Civ. P. 17(a), an estate may not be a real party in interest[.]"); *Aguirre v. City of San Antonio*, 995 F.3d 395, 423 (5th Cir. 2021) ("Under Texas law, a deceased's estate is not a legal entity and may not properly sue or be sued as such."); *Architectural Body Rsch. Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018) ("Under New York law, a decedent's estate is not a legal entity capable of suing or being sued."); *Urb. Fin. of Am., LLC v. Est. of Mercado-Otero*, Civ. A. No. 15-2182, 2017 WL 11607782, at *2 (D.P.R. Aug.

---

[3] By analogy, other laws that define who is entitled to relief under the law similarly limit relief to those defined by Congress. *See, e.g.*, *In re Seegers*, No. 09-0641, 2009 WL 2883019 (D.C. Bankr. 2009) ("It is well-settled that a probate estate may not commence a bankruptcy case on behalf of a decedent under either Chapter 7 or Chapter 13 because an estate is not included in the definition of person under § 109(b) for chapter 7 purposes or in the definition of 'individual' under § 109(e), which is included in the definition of 'person' under § 101(41), for Chapter 13 purposes." (cleaned up)); *Call Assocs., Inc. v. Nat'l Insts. of Health, et al.*, 579 F.2d 1155, 1157 (9th Cir. 1978) (determining that corporation was not an "individual" as defined by the Privacy Act).

7

28, 2017) ("Under Puerto Rico law, an 'estate' is not an independent legal entity with capacity to sue and be sued."); *Jackson v. City of Cleveland*, Civ. A. No. 15-0989, 2015 WL 6163510, at \*3 (N.D. Ohio Oct. 20, 2015) ("The four named Estate Defendants are not entities with the capacity to be sued under Ohio law."). In other words, an estate is simply "a collection of assets and liabilities." *Est. of Laffoon v. Christianson*, Civ. A. No. 11-0255, 2011 WL 1743645, at \*1 (E.D. Cal. Feb. 22, 2011); *see also* Estate, Black's Law Dictionary (12th ed. 2024) ("The property that one leaves after death; the collective assets and liabilities of a dead person."); 33 C.J.S. Executors and Administrators § 2 ("The estate of a deceased person is not an entity known to the law, and is not a natural or an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent.").[4]

Thus, because an estate is not a legal entity with the capacity to sue or be sued, but is merely a word to describe a collection of assets and liabilities, it is not an entity on behalf of which a person may submit a FOIA request. It was not included in the definition of a person under the FOIA, with good reason. Therefore, as a matter of law, Plaintiff has failed to state a claim upon which relief can be granted, and his Amended Complaint should be dismissed.

**B. The Amended Complaint should be dismissed because Plaintiff lacks the capacity to sue.**

"[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued." *Mwani v. Al Qaeda*, No. 99-125 (JMF), 2014 WL 4749182, at \*2 (D.D.C. Sept. 25, 2014) (quoting *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003)). Other than for an individual

---

[4] *Sinito v. Department of Justice*, 176 F.3d 512 (D.C. Cir. 1999) is not to the contrary. There, the D.C. Circuit held that the death of a proper FOIA requester does not prevent the decedent's legal representative from pursuing the request following the requester's passing. *Id.* at 516. The decision did not address, much less hold, that an estate may itself submit a FOIA request in the first instance.

who is not acting in a representative capacity or for a corporation, the capacity to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b). Under District of Columbia law, a "foreign personal representative may exercise all the powers of such office and may sue and be sued in the District of Columbia, subject to any statute or rule relating to nonresidents." D.C. Code § 20-342. Such a representative "shall not be required to obtain letters in the District of Columbia for any purpose." D.C. Code § 20-341(a). However, a foreign personal representative administering an estate which has property located in the District of Columbia still must "file with the Register a copy of the appointment as personal representative and a copy of the decedent's will, if any, authenticated pursuant to 28 U.S.C. § 1738." D.C. Code § 20-341(b). "The term personal representative is strictly construed under D.C. law to mean only the decedent's executor or administrator." *Est. of Scherban*, 2016 WL 777913, at *1 (citation omitted).

A lawsuit, further, is a form of property requiring a foreign representative to file an authenticated copy of a personal representative appointment and an authenticated copy of a will with the Register. *See id.* at *1-2; *see also Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 16-17 (D.D.C. 2010). In *Estate of Scherban*, the defendant moved to dismiss arguing, among other things, that the plaintiffs did not comply with District of Columbia law establishing that they had authority to act on behalf of the estates at issue. *Estate of Scherban*, 2016 WL 777913, at *1. The plaintiffs countered that they did not have to file authenticated copies of their appointments or an authenticated copy of the will with the Register because the property at issue was in Florida. *Id.* at *2. The court disagreed, concluding that an action could be considered a form of property requiring compliance with D.C. Code § 20-341 to show capacity to act on behalf of an estate under Fed. R. Civ. P. 17. *Id.*

9

Plaintiff has fallen far short of establishing that Dr. Lenz has the capacity to sue as a representative of Mr. Stonehill's estate. Critically, Dr. Lenz may only serve as a representative of the estate if the estate is still active. But he has provided only self-serving, unsworn statements to establish that the estate remains open over twenty-three years after Mr. Stonehill's death.[5] Moreover, Dr. Lenz's letters themselves seem to express uncertainty regarding the status of the estate – his 2018 letter asserts that the estate is still open "[u]nless my co-executor, Pauline Stonehill, or the previous co-executor, Jacques Meuwly, have taken actions (that I am not aware of) to close the Estate." Ex. 4 at 8. Equally disconcerting is his admission that the relevant local legal authority "hold[s] no record about Harry and/or his succession at all," even though he claims that this is to be expected. *Id.* And this assertion is at odds with yet another of Plaintiff's statements: Paragraph 25 of the Amended Complaint, which implies that there was, at one time, a legal authority overseeing the administration of the estate.

Under Swiss law, Mr. Stonehill's estate was required to submit his will to the probate authority. Schweizerisches Zivilgesetzbuch [ZGB], Code Civil [CC], Dec. 10, 1907, SR 210, art. 556, para. 1 (Switz.).[6] Then, the probate authority had to notify the executors of the appointment. *Id.* at art. 517, para. 2. If Mr. Stonehill's estate had followed these requirements, a legal record would exist to verify the authenticity and validity of the will and its assignment of executors.

---

[5] None of Dr. Lenz's statements comply with 28 U.S.C. § 1746, because they do not contain the requisite "penalty of perjury" language or a certification that his statements were true and correct. Compliance with § 1746 is not a mere formality. *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (noting that failure to comply with § 1746 would potentially "allow[] the affiant to circumvent the penalties of perjury in signing onto intentional falsehoods"); *see also Roy v. Ivy*, 53 F.4th 1338, 1349-50 (11th Cir. 2022) (discussing the consequences of failing to comply with § 1746).

[6] An English translation of the Swiss Civil Code can be found on the Swiss Confederation's online platform for federal law at https://www.fedlex.admin.ch/eli/cc/24/233_245_233/en.

Because Plaintiff has declined to produce such a legal record, he has not demonstrated that he has the capacity to sue in this case.

**C. Prior decisions allowing Dr. Lenz to be substituted as plaintiff do not govern this case.**

Plaintiff has submitted multiple FOIA requests related to Mr. Stonehill to multiple agencies, which have spawned multiple federal court cases. But decisions by those courts regarding the substitution of Dr. Lenz as Plaintiff are not determinative here. Issue preclusion prohibits "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)); *see also Yamaha Corp. of Am. v. United States,* 961 F.2d 245, 254 (D.C. Cir. 1992). The party invoking issue preclusion "bears the burden of establishing that the conditions for its application have been satisfied." *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 743 (D.C. Cir. 2006).

As an initial matter, an issue has not been "actually litigated" if the prior court "did not make any actual findings on the issue." *Reed v. Dep't of Navy*, 899 F. Supp. 2d 25 (D.D.C. 2012). Such is the case here. Although a court allowed Dr. Lenz to be substituted as plaintiff in place of Ms. Stonehill in previous FOIA litigation against the Service, the court did so because it concluded that the Service had waived its arguments against the substitution. *Stonehill v. Internal Revenue Serv.*, No. 06-0599 (JDB), 2024 WL 4679128, at *1 n.1 (D.D.C. Nov. 5, 2024); *see also Stonehill v. Nat'l Archives & Records Admin.*, No. 1:22-cv-3391 (CJN), 2024 WL 4286105, at *5-7 (D.D.C. Sept. 25, 2024) (stating that the agency was required to raise arguments related to statutory standing and capacity to sue during the pleadings stage and finding that those arguments had been waived); *Stonehill v. FBI*, No. 20-cv-1445 (AMP), ECF No. 66 (D.D.C. Jan 12, 2023) (declining

11

to reach the merits of agency's arguments that Plaintiff lacked statutory standing or the capacity to sue because those arguments had been waived); *Stonehill v. U.S. Dep't of Justice Tax Div.*, No. 1:19-cv-03770-RC (D.D.C. Feb. 18, 2024) (granting Plaintiff's motion to substitute "for substantially the reasons set forth in Stonehill v. FBI").[7]

But even if each court involved had issued a definitive, reasoned decision in response to Plaintiff's motions to substitute, those decisions would still lack preclusive effect. Decisions of prior courts regarding Dr. Lenz's substitution were not a "valid court determination essential to the prior judgment." Generally, only decisions on the merits of the claim or "threshold jurisdictional issues" are considered essential to the judgment. *Nat'l Assoc. of Homebuilders v. E.P.A.*, 786 F.3d 34, 41 (D.C. Cir. 2015). Moreover, such an issue must be "actually recognized by the parties as important and by the trier of fact as necessary to the first judgment." *Synanon Church v. United States*, 820 F.2d 421, 427 (D.C. Cir. 1987) (quoting Restatement (Second) § 27 comment j). A non-dispositive, procedural motion like a motion to substitute a party does not meet this high standard. None of the courts presented with Dr. Lenz's request to substitute considered the issue in the context of a dispositive motion, and none of the courts provided any reasoning on the merits of the issue. Thus, contrary to Plaintiff's assertions, those decisions lack preclusive effect in this case.

---

[7] Only one court has allowed Dr. Lenz to substitute without indicating that the agency had waived its arguments regarding statutory standing and capacity to sue. That case involved the Central Intelligence Agency, not the Service, and the court granted Dr. Lenz's motion to substitute without explaining its reasoning. *Lenz v. Central Intelligence Agency*, No. 1:20-cv-03327 (RCL), ECF No. 68 (D.D.C. Jan. 3, 2024).

**CONCLUSION**

From the earliest stages of the administrative proceedings in this case, the Service has informed Plaintiff of the documentation necessary to demonstrate his authority to act on behalf of Mr. Stonehill's estate.  The miscellaneous letters and other piecemeal documentation eventually submitted by Plaintiff fall far short of establishing that he has the capacity to sue on behalf of the estate.  And even if he did have the capacity to sue on behalf of the estate, he would still lack statutory standing under the FOIA.  Thus, Plaintiff has failed to state a claim upon which relief may be granted, and his Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: July 14, 2025                                              Respectfully submitted,


By: */s/ Anna A. Miller*
ANNA A. MILLER
D.C. Bar Number 252760
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 514-6068
Facsimile: (202) 514-6866
Anna.A.Miller@usdoj.gov

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to all registered to receive it.

*/s/ Anna A. Miller*
ANNA A. MILLER
Trial Attorney
United States Department of Justice, Tax Division